Michael R. Cepeda
Department of Corrections
Post 16, ACF, Mangilao, Guam
P.O. Box 3236
Hagåtña, Guam 96932
Telephone No. 734-3983

Plaintiff pro se

FILED
DISTRICT COURT OF GUAM
NOV 28 2007
JEANNE G. QUINATA
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| Michael R. Cepeda, | CIVIL CASE NO. 07-00033 |
| Plaintiff, | |
| vs. | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| Jose B. Palacios, Acting Director, Department of Corrections, Government of Guam; Ronald S.N Santos, Parole Officer, parole Services Division, Department of Corrections; Michael Quinata, Chief, Parole Services Division, Department of Corrections; Jose Salas, a.k.a., J.Q. Salas, Chairman, Guam Parole Board, Department of Corrections; John or Jane Doe I-XX, | |
| Defendants. | |

## Jurisdiction

1. This court has jurisdiction over this matter by virtue of the provisions of 48 USC § 1424(b).

## Parties

2. Plaintiff is, and at all relevant times was, a citizen of the United States and a resident of its unincorporated Territory of Guam ("Guam"), incarcerated at the Adult Correctional Facility ("ACF") of the Department of Corrections ("DOC" or the "Department"), located in Mangilao, Guam.

3. Defendant Jose B. Palacios ("Palacios") is the acting Director of the Department of Corrections ("DOC," or the "Department"), Government of Guam. He is sued in his official capacity. Palacios is a citizen of the United States and a resident of Guam.

4. Plaintiff is informed and therefore believes that Defendant Ronald S.N. Santos ("Santos") is a Parole Officer at DOC, who at all relevant times to the allegations regarding his conduct

herein was assigned to the Parole Services Division ("PSD"), at DOC. Defendant Santos is sued in his official capacity. Santos is a citizen of the United States and a resident of Guam.

5. Defendant Michael Quinata ("Quinata") is the PSD Chief at DOC. As such he was the ultimate authority in charge of handling, preparation and processing plaintiff's parole hearing, which duties included the provision of assistance to plaintiff in preparation for his parole hearing.

6. Defendant Jose Salas, a.k.a., J.Q. Salas ("Salas") is, and at all times relevant to the within complaint was, the appointed chairperson of the Guam Parol Board ("GPB" or the "Board") at DOC, which board is part of the institutional parole system at DOC. Salas is sued in his official capacity. Salas is a citizen of the United States and a resident of Guam.

7. Defendants Does I-XX are either individuals or other legal entities amenable to suit under the laws of Guam, including but not limited to corporate entities providing insurance and government actors and entities, who in some manner, through action or omission or both, have caused or contributed to the causation of or are otherwise liable for the wrongful acts and omissions alleged herein and who may be amenable to suit in this court or such other court to which this complaint may be removed, including causes of action *not* alleged herein, but which arise from the same transaction or transactions alleged. Plaintiff, at this time, is unable to state a claim against any of these defendants due to lack of sufficient information but, once such information is obtained, plaintiff will amend his complaint in order to properly reflect said defendants' liability herein.

## General Allegations

8. Plaintiff, prior to filing this complaint, had exhausted all available administrative remedies. As shown by attached Exhibit A, on or about 15 March 2007, plaintiff submitted a grievance complaint at his unit, Post 16, to the then Unit Manager, Sargent A.S. San Nicholas, in the proper form, with proper indication of the requisite progression to be followed, by marking with a circle the appropriate section (i.e. § "B"), seeking to employ administrative steps, as provided by Executive Order ["EO"] 94-19, Chapter 16, §§ 16.2.(D)(1)&(2) and 16.3, as follows:

(a) Inmate, through an officer at his unit, to assigned parole officer;
(b) From assigned parole officer to Chief of Parole;
(c) From Chief of Parole to Director of Corrections.

See, attached Exhibit A, first page.

9. Plaintiff is informed and therefore believes, that his 15 March 2007 grievance complaint (a true an correct copy of which is attached Exhibit A), is currently in the possession of defendant Quinata, who, to date, has not responded to it, despite the clear mandate established by the letter and the spirit of EO 94-19 § 16.1. (For instance, § 16.1(b) states that such a complaint "*will receive* attention and *a written response* within a short period of time from the appropriate authority." (Emphasis added.)) The Department is, in fact, required to respond to a grievance complaint within seven (7) working days from the date of its filing (see, EO 94-19 § 16.2(B).) Accordingly, defendant Quinata should have responded to plaintiff's 15 March 2007 grievance complaint no later than 24 March 2007.

10. The failure to respond to plaintiff's grievance complaint violated plaintiff's legal rights accorded him by applicable regulation, necessitated the filing of court action (twice), and materially and unnecessarily delayed the resolution of the dispute. Such delay is detrimental to plaintiff and his chance of being released on parole.

11. At a minimum, procedural due process requires, in the context of a hearing to set a parole date, that an inmate be afforded a notice of the hearing and an opportunity to be heard.

12. As clearly evidenced by the exhibits (entitled, respectively, Exhibit 1 & Exhibit 2) attached to Exhibit A of this complaint, plaintiff's parole eligibility date was 12 March 2007. The express language of 9 GCA § 80.72(b), mandates: "The [Guam Parole] Board *shall consider the desirability of parole of each inmate at least sixty ... days prior to his first eligibility.*" (Emphasis added.) Accordingly, plaintiff was entitled to a parole hearing on or before *11 January 2007*. However, a hearing was not scheduled.

13. Defendant Santos was the Parole Officer responsible, on behalf of the institutional parole apparatus at DOC (which includes PSD), for handling and preparation plaintiff's 11 January 2007 parole hearing, which duties included *scheduling* a parole hearing and *assisting* plaintiff in preparation thereof.

Page 3 of 20

14. Defendant Santos was well aware of his failure to timely schedule the hearing and the corresponding failure to notify plaintiff. On 14 March and, again, on 15 March 2007 plaintiff was approached by Santos, who actively sought to have plaintiff waive the violation in writing. Santos had, ready in hand, a document consisting such a written waiver, which he attempted to coax plaintiff into signing, promising to strongly support ("ninety nine percent," in his own words) plaintiff's release on parole. Plaintiff, however, declined to execute such a waiver, regardless of the inducement offered.

15. Despite his awareness of the failure to accord plaintiff procedural due process – as evidenced by his assiduous attempts to secure the waiver – Santos continued to withhold scheduling the hearing while persisting in his attempts to coax plaintiff to sign the waiver. Only after plaintiff filed his grievance complaint on 15 March 2007 did Santos finally acquiesce to set a hearing without first securing plaintiff's waiver of the violations of his due process. Clearly, Santos, as the active agent of the institutional parole system in this particular case, exhibited conduct which was deliberately indifferent to plaintiff's rights.

16. The length of time which should be accorded to a person who is due to be heard by GPB – i.e., between the date of serving him with notice and hearing date – should be measured by the provisions of 9 GCA § 80.74(a), entitled, "Preparing Prisoner for Parole Hearing," which provides:

> Each prisoner ***in advance of his parole hearing shall be requested to prepare a parole plan***, setting forth the manner of life he intends to lead if released on parole, including such specific information as to where and with whom he will reside and what occupation or employment he will follow. ***The institutional parole staff shall render reasonable aid to the prisoner in the preparation of his plan and in securing information for submission to the board.*** (Emphasis added.)

17. Therefore, as clearly implied by the statute, an inmate should be provided with sufficient length of time to prepare a parole plan, which would contain details about the manner of life he intends to lead once released, including specific information as to where and with whom he will reside, and the occupation or employment he will undertake. In addition, an inmate might find it conducive to include in his plan such elements as education and additional

rehabilitation (e.g., drug, alcohol and violence prevention programs, and any other social adjustment measures, of which he may avail himself in the community). Indeed, the provision of sufficient time and opportunity to prepare a well-through plan is not only in the interest of the inmate, but no less in the best interest of the community.

18. Despite the mandatory language of 9 GCA § 80.74(a), Defendant Santos had knowingly or, alternatively, recklessly and in conscious disregard of his duty to plaintiff, prevented plaintiff from having sufficient time and opportunity for preparations of his parole plan and securing information for submission to the board, for facilitating his release on parole.

19. Preparations of a parole plan takes time and requires particular efforts. It takes time to contact potential employers, discuss possible employment and coordinate all the detail necessary in order to present a serious plan of future employment. The same is true about the aspect of the plan dealing with specific information as to where and with whom plaintiff would reside, if released. Education and rehabilitation are even more complex matters to arrange, especially from prison.

20. In addition to depriving plaintiff of sufficient time, defendant Santos also deprived plaintiff of an opportunity to prepare a parole plan. The former DOC Director, Robert D. Camacho ("Camacho") had terminated numerous outside phonelines previously subscribed to by the Department[1]. As a result, it is practically impossible for an inmate, without the assistance of the institutional parole apparatus in general, and his assigned parole officer in particular, to make contact with potential employers, landlords, schools, government agencies or private organizations, in the process of preparing the plan and securing information to be submitted to the Board at his parole hearing. Thus, the only path available to plaintiff for preparation of such a plan and securing the requisite information is through the institutional parole staff,

---

[1] Even inmates who do have Paytel debit accounts (or cards), allowing them use of payphones at their residential units, cannot use such accounts in preparation of a parole plan, because each number they call must be pre-approved well in advance and the approval process is lengthy and cumbersome. This procedure would stifle the dynamics of seeking employment, searching for a residence or enrolling in schools or rehabilitation programs.

Page 5 of 20

which, correspondingly, is required by law to have rendered plaintiff with reasonable aid in the preparation of a parole plan and in securing information for submission to the board. No such assistance, however, was forthcoming.

21. Plaintiff is informed and therefore believes, that Santos, in conscious disregard of plaintiff's rights, utterly failed to perform his duties, to "render reasonable aid to [plaintiff] in the preparation of his plan and in securing information for submission to the board." See, 9 GCA § 80.74(a). As a direct result of Santos's failure, plaintiff did not have a parole plan ready when he appeared before the Parole Board on 29 March 2007, nor did he have any information for submission to the Board, in order to facilitate his release on parole. Such failure significantly reduced plaintiff's objective[2] chances of securing release on parole.

22. In light of the fact that Santos is a seasoned parole officer, plaintiff is informed and therefore believes that Santos was fully aware of his duties to plaintiff, including those which are based on the provisions of 9 GCA § 80.74(a). Accordingly, Santos's failure to assist plaintiff was knowingly or, alternatively, recklessly and in conscious disregard of his duty to assist plaintiff in facilitating his release on parole.

23. Defendant Santos' failures, as enumerated above in ¶¶ 11-22, inclusive, worked to deprive plaintiff of a hearing, as such hearing was contemplated by the legislation providing therefor, in violation of his constitutional right, based on the Fourteenth Amendment to the U.S. Constitution and the Organic Act of Guam (48 USC § 1421b(u)) to procedural due process, and therefore significantly compromised his opportunity to be released on parole. Such conduct by Santos constituted atypical and significant hardship on plaintiff in relation to the ordinary incidents of prison life.

---

[2] Based on his familiarity with the inner machinations at DOC, plaintiff anticipated that his refusal to execute the waiver sought by Santos (see, ¶¶ 14-15, supra) that the parole board will deny him parole, "simply in order to show that he did not suffer any harm as a result of the violations of his legal rights" (see, ¶ 39, infra). It is for that precise reason that, already in his grievance complaint, plaintiff sought to insure that "a fair and impartial parole board be constituted for his parole hearing." (See, ¶ 42(f), infra.) However, subjective factors used to deny plaintiff's parole should be eliminated from consideration in evaluating his claim that Santos' and others' failure to assist him significantly reduced his chances of securing release on parole.

Case 1:07-cv-00033   Document 1   Filed 11/28/2007   Page 6 of 20

24. Based on the express language of 9 GCA § 80.72(b), plaintiff is informed and therefore believes that defendant Salas, in his capacity as the chairperson of GPB, which board is part of the institutional parole apparatus at DOC, was aware, or should have been aware, of plaintiff's parole eligibility date, which date was well documented in the regular course and manner of business of the institutional parole records. (See, e.g., Exhibits 1 & 2 attached to Exhibit A.)

25. Plaintiff is informed and therefore believes that defendant Salas, in his capacity as the chairperson of GPB was aware or should have been aware of the fact that a hearing, which should have been scheduled before the GPB in accordance with applicable law (9 GCA § 80.72 (b)), was not so scheduled, in violation of plaintiff's statutory entitlement to such a hearing.

26. Plaintiff is informed and therefore believes that defendant Salas, in his capacity as the chairperson of GPB, was aware or should have been aware that plaintiff was entitled to a notice of said hearing well in advance of the hearing but in fact was denied such notice.

27. Plaintiff is informed and therefore believes that defendant Salas, as the chairperson of GPB, had a duty to insure that proper notice is provided and a hearing granted plaintiff, in accordance with the provisions of applicable law and his constitutional rights.

28. Due to the fact that 9 GCA § 80.74(a) requires plaintiff, "in advance of his parole hearing," to prepare a specific parole plan regarding his immediate future conduct and whereabouts – a plan without which an inmate could not and would not be granted release on parole – and the fact that no such plan was in evidence (e.g., on file) prior to or at plaintiff's hearing, plaintiff is informed and therefore believes that defendant Salas, in his capacity as GPB chairperson, knew or had reason to know that plaintiff may have been deprived of a proper opportunity to prepare for the hearing, and that the assistance required to be provided plaintiff (in accordance with the provisions of 9 GCA § 80.74(a)) by the the institutional parole apparatus was denied him. Salas, therefore, should taken ameliorative steps to insured compliance with 9 GCA § 80.74(a).

29. In light of the express language of 9 GCA § 80.74(a), and its applicability to parole hearings

before the GPB, plaintiff is informed and therefore believes that defendant Salas, as GPB chairperson, was aware, or should have been aware, of plaintiff's entitlement to (i) assistance by PSD and (ii) proper opportunity to prepare for the hearing in accordance with the provisions of § 80.74(a), supra. However, Salas either intentionally or through reckless disregard shirked his duties, to plaintiff's great detriment.

30. Plaintiff is informed and therefore believes that defendant Salas, in his capacity as the chairperson of GPB, either knowingly or, alternatively, recklessly and in conscious disregard of his duty to plaintiff, failed to ameliorate the violations of plaintiff's constitutional and statutory rights to said procedural due process, as described in the foregoing paragraphs, and through such failure and disregard had perpetuated and intensified said violations. Such conduct was in clear derogation of Salas's duties as the GPB chairperson. Such conduct by Salas constituted atypical and significant hardship on plaintiff in comparison to the ordinary incidents of prison life.

31. Defendant Salas' above-enumerated failures and disregard of his duties, as delineated above in ¶¶ 24-30, inclusive, worked to deprive plaintiff of a hearing, as such hearing was contemplated by applicable legislation, thus, in violating his Fourteenth Amendment's constitutional right to procedural due process (as applied through 48 USC § 1421b(u)), therefore, meaningfully compromising his ability to secure release on parole.

32. Plaintiff was deprived of (i) his statutory rights to a timely notice; (ii) an opportunity to meaningfully prepare for the hearing, and (iii) a hearing, as such hearing was contemplated by the legislation providing therefor, in violation of his Fourteenth Amendment's constitutional right to procedural due process (as applied through 48 USC § 1421b(u)).

33. Had the process been engaged in regularly and in accordance with applicable law and constitutional mandate, plaintiff chances of being released on parole would have been significantly enhanced. It was the responsibility of defendant Michael Quinata, as the Chief of Parole Division at the Department of Corrections, to insure that plaintiff's constitutional and statutory rights to procedural due process were upheld and sustained.

34. Defendant Quinata should have had proper oversight of the Parole Services Division and its

cadre of officers, and should have set in place procedures which would have insured that actions of its personnel are undertaken in conformity with their legal and regulatory duties to inmates, including plaintiff.

35. In light of the applicable statutory provisions, defendant Quinata should have had in place a system of checks by which failures to timely schedule a parole hearing, failures to provide timely notices, failure to render an inmate reasonable aid in the preparation of his plan and failure to assist in securing information for submission to the Board, would be noticed in real time at or near their occurrence and ameliorated in a timely and meaningful manner, in order to uphold the procedural process due inmates by law and avoid harming PSD's clients, including plaintiff, when such failures precipitate deprivation of procedural due process and other constitutional violations of their rights.

36. It is painfully obvious that defendant Quinata has failed to have such checks in place and that he disregarded the systemic failure of PSD to discharge its duties properly and timely. Defendant Quinata's failures, as delineated here, are indicative of dereliction of his duties to adequately manage the institutional parole apparatus. Because of the extensive nature of these failures, plaintiff is informed and therefore believes that Quinata's acts and omissions, relevant to this particular case, were either intentional or were undertaken in conscious disregard of his duties to plaintiff. Such conduct by Quinata constituted atypical and significant hardship on plaintiff in comparison to the ordinary incidents of prison life.

37. The territory of Guam, in administering the mission of corrections is acting through the person of the individual occupying the office of Director of DOC. Defendant Palacios, since assuming the position of acting Director of DOC, has had an affirmative duty, based on the provisions of plaintiff's Fourteenth Amendment's right to (substantive) due process, to protect a citizen when that citizen is his custody, from deprivation of life, liberty or property. It is ultimately defendant Palacios' affirmative duty to insure that the institutional parole apparatus is being properly administered, and that plaintiff is provided with a fair opportunity to be released on parole.

38. Plaintiff, in his grievance complaint of 15 March 2007, observed that,

Page 9 of 20

> the government, and the individuals it employs in order to insure compliance with the attendant legal requirements, are intentionally withholding the notice and postponing the hearing even further, consciously, but with no justification, whatsoever.

See Exhibit A's attached Memorandum, p.4. (Ironically, once the grievance complaint was submitted, exposing the foregoing facts, the notice was immediately forthcoming.)

39. Plaintiff, in said grievance complaint, anticipated that the Parole Board will deny him parole, "simply in order to show that he did not suffer any harm as a result of the violations of his legal rights." Id, p.3.

40. The only reason of which plaintiff is aware for such conduct by the institutional parole system, was his refusal to execute the waiver sought by defendant Santos.

41. The staff member assigned to handle plaintiff's parole preparations was defendant Santos. It was defendant Santos, however, who (i) deliberately delaying notice of the hearing; (ii) deliberately denying plaintiff an opportunity to meaningfully prepare for the hearing; and (iii) deliberately delaying the scheduling of a hearing. Plaintiff was unable to eliminate the delay and disruption created by such misconduct, through informal contacts with staff members, since plaintiff's informal interaction with Santos came to naught. Thus, plaintiff opted to file a grievance complaint, in accord with the provisions of Executive Order 94-16 § 16.2.

42. In light of the foregoing, plaintiff requested the following relief in his grievance complaint:

   (a) To be made whole for the deprivation he had suffered.

   (b) Immediate mitigation of the inaction of PSD.

   (c) The appointment of a neutral officer, outside of PSD, to handle his parole processing and presentation.

   (d) A determination whether the Parole Board was contacted by PSD and whether any discussions were had (informally or otherwise) between PSD personnel and members of the Parole Board regarding his parole hearing and related notice and the attendant failures.

   (e) A complete disclosure of the contents of any such discussions.

   (f) To insure a fair and impartial parole board be constituted for his parole hearing.

Exhibit A, attached Memorandum, p.4.

43. On or about 16 March 2007 plaintiff was orally informed that he will be heard by GPB on 29 March 2007.
44. A hearing was held before the Parole Board on 29 March 2007, attended by defendant Salas, as Chairman of the Board, Ms. Soledad ("Dot") Chargualaf and Mr. Keneth Boardman, both as members of GPB.
45. Plaintiff was not properly prepared for the hearing, and no attempt was made by PSD to assist plaintiff with the preparation of a parole plan or with the submission of information to the Board in order to facilitate plaintiff's release. As was implied by his conditional promise (to strongly support plaintiff if plaintiff would sign a waiver), defendant Santos did not provide plaintiff with any support during the hearing.
46. In light of the plain language of 9 GCA § 80.74(a), plaintiff is informed and therefore believes that such collective failure was undertaken intentionally, or in conscious disregard of PSD's duties owed plaintiff.
47. It was the responsibility of defendant Quinata to have accorded plaintiff the assistance required by law. Such failure by Quinata constituted atypical and significant hardship on plaintiff in relation to the ordinary incidents of prison life.
48. Following the hearing, the Parole Board, by majority vote, decided to deny plaintiff parole. A written decision to that effect was issued on 29 March 2007.
49. Between 29 March and 19 April 2007 plaintiff repeatedly inquired with his unit officers about the Board's decision. Plaintiff is informed and therefore believes that for nearly three weeks his unit officers repeatedly inquired with PSD as to whether a decision was made by the Parole Board and that (until 19 April 2007) invariably they were told by PSD that no such decision was made. Finally, on 19 April 2007 plaintiff was provided with the Board's decision. (See, attached Exhibit B.) As is clear from the four corners of the Exhibit (p.2) it was issued on 29 March 2007, but was withheld from plaintiff by PSD for over twenty (20) days. Such conduct by defendant Quinata, as the Chief of PSD through his underlings, constituted atypical and significant hardship on plaintiff in relation to the ordinary incidents of prison life.

50. In order to fully appraise this Honorable Court of all that has transpired in this matter plaintiff is here providing this Court with the history a complaint he had filed in Superior Court of Guam regarding the same matter filed herein.

51. On 9 May 2007 plaintiff filed a civil complaint with the Superior Court of Guam (See, Attached composite Exhibit C[3], pp. 1-14.) Together with said complaint plaintiff also filed an Ex Parte Application for an Order ro Show Cause (see, Exhibit C, pp. 15-17);and submitted a Notice of Motion; Motion & Declaration to Proceed in Forma Pauperis (see, Exhibit C, pp. 18-20), a Notice of Motion & Motion for Appointment of Counsel (see, Exhibit C, pp. 21-22), a Notice of Motion & Motion for Service by Court Marshal (see, Exhibit C, p. 23) and Summonses addressed to all three named defendants there, Camacho, Santos & Salas (see, Exhibit C, pp. 24-26), to be used in serving defendant with process by the court's marshals, once the motion for such service is granted.

52. With the exception of the Ex Parte Application for an Order ro Show Cause, none of plaintiff's motions were ever scheduled for a hearing (or were granted without a hearing). Plaintiff's Ex Parte Application for an Order to Show Cause was initially scheduled for 13 July 2007. (See attached Exhibit D.) However, the hearing was cancelled without notice to plaintiff. See, attached Exhibit E.

53. As a result of the Superior Court's failure to schedule a hearing for plaintiff's Motion for Service by Court Marshal, neither the complaint nor the summonses were served on the named defendants (since plaintiff has no other means to accomplish such service). Moreover, by cancelling the hearing for Plaintiff's Ex Parte Application for an Order to Show Cause, plaintiff was denied the other avenue he sought to employ, for initiating the process of resolving the dispute, and providing plaintiff the urgent judicial relief to which he is entitled. Plaintiff, who is incarcerated and is unable to physically go the courthouse and whose request for appointment of counsel remains in abeyance, as is the entire matter,

---

[3] Plaintiff's Superior Court Complaint's attached Exhibits A & B are omitted from Exhibit C here, since they are the same as Exhibits A & B attached to the within complaint.

Page 12 of 20

nevertheless remains in great need of judicial relief in order to protect his constitutional rights to due process, which Superior Court had failed to attend to despite plaintiff's intense efforts. Such disregard could not be as pervasive if plaintiff were not an incarcerated pauper.

54. In order to avoid impermissible duplication, plaintiff, concurrently with the filing of this complaint shall have submitted a pleading seeking voluntary dismissal of the complaint in Superior Court of Guam in accordance with the provisions of GRCP Rule 41(a)(1)(i) ("an action may be dismissed by the plaintiff without order of court [ ] by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs"). See attached Exhibit F.

## CAUSES OF ACTION

### Declaratory Relief

55. Plaintiff incorporates by this reference all allegations set forth.
56. Based on the foregoing, plaintiff submits that he is entitled to a judicial declaration enumerating the violations of his procedural and substantive due process, and declaring the Parole Board Decision in Case No. CF370-00, dated 29 March 2007, void;
57. The court should also declare that defendants, Santos Quinata and Salas should be disqualified from participation in the process of providing plaintiff with a fair hearing before the Parole Board, and the applicable pre-hearing procedures.

### Injunctive Relief

58. Plaintiff incorporates by this reference all allegations set forth.
59. Based on the foregoing, plaintiff submits that he is entitled to injunctive relief compelling DOC, through its director, defendant Palacios, to insure that plaintiff is provided with a proper notice, opportunity and assistance in preparation for his hearing, including the provision of proper assistance in the preparation of his parole plan and submission of information to the Board by impartial corrections officers; and to provide him with a fair and impartial hearing before an untainted Board.
60. Plaintiff submits that he is also entitled to injunctive relief compelling Michael Quinata, the Chief of Parole Services Division at the Department of Corrections, to insure that plaintiff

is provided with a proper notice, opportunity and assistance in preparation for his hearing, including the provision of proper assistance in the preparation of his parole plan and submission of information to the Board by impartial parole officers.

### Prayer

In accordance with the allegations made herein-above, plaintiff prays as follows:

A. For a judicial declaration stating that:

1. Plaintiff, prior to filing this complaint, had exhausted all available administrative remedies.
2. The Department of Corrections, now represented by defendant Jose B. Palacios, had a duty to respond to plaintiff's grievance complaint, filed in accordance with the provisions of Executive Order 94-19 § 16, but failed to respond to it despite the clear mandate established by the letter and the spirit of Executive Order 94-19, which requires such a complaint to receive a written response within seven (7) working days from the date of its filing. Said failure unnecessarily necessitated the filing of judicial complaints in Superior Court of Guam followed by the complaint in the Federal District Court of Guam.
2. The express language of 9 GCA § 80.72(b) requires that Guam Parole Board consider the desirability of parole for plaintiff (and all others in his position) at least sixty (60) days prior to his eligibility date. Plaintiff's eligibility date was 12 March 2007. Accordingly, plaintiff was entitled to a parole hearing before the Guam Parole Board on or before 11 January 2007. The failure to provide plaintiff's with a parole hearing on or before 11 January 2007 constituted a violation of plaintiff's statutory right to such a hearing.
3. In accordance with the provisions of the U.S. Constitution and the Organic Act of Guam, it is a requirement of procedural due process, in the context of a hearing to consider release on parole, that plaintiff be afforded notice of the hearing and opportunity to be heard. Because of the inordinate delay in scheduling plaintiff's parole hearing plaintiff was deprived of his right to procedural due process.
4. It was the responsibility of the Department of Corrections, now represented by defendant Jose B. Palacios as its Director, to insure that plaintiff's statutory rights to procedural due process were maintained. The Department of Corrections thus failed to ensure plaintiff's

Page 14 of 20

1 | rights to procedural due process, in violation of his statutory and constitutional rights.

5. It was the responsibility of the Parole Services Division, represented by defendant Michael Quinata, to insure that plaintiff's statutory rights to procedural due process were maintained. The Parole Services Division failed to ensure plaintiff's rights to procedural due process, in violation of his statutory and constitutional rights.

6. It was the responsibility of defendant Ronald S.N. Santos, as the officer assigned by the Parole Services Division to handle plaintiff's parole, to insure that plaintiff's statutory rights to procedural due process were maintained. Said defendant failed to ensure plaintiff's right to procedural due process, in violation of his statutory and constitutional rights.

7. In accordance with applicable statutory law, plaintiff, in advance of his parole hearing, was to be instructed to prepare a parole plan, setting forth the manner of life he intends to lead if released on parole, including such specific information as to where and with whom he will reside and what occupation or employment he will follow. It was the legal duty of defendant Santos, as the assigned institutional parole staff, to render plaintiff reasonable aid (i) in the preparation of his plan; and (ii) in securing information for submission to the Parole Board

8. In accordance with applicable statutory law, plaintiff, in advance of his parole hearing, was to be instructed to prepare a parole plan, setting forth the manner of life he intends to lead if released on parole, including such specific information as to where and with whom he will reside and what occupation or employment he will follow. It was the legal duty of defendant Quinata, as the Chief of Parole Services Division, to insure that his Division render plaintiff reasonable aid (i) in the preparation of his plan; and (ii) in securing information for submission to the Parole Board

9. Both defendant Santos and defendant Quinata utterly failed to performed their duties to plaintiff. As a result, plaintiff was not properly prepared at his parole hearing, thus insuring the resulting denial of parole. Said defendants' conduct, jointly and severally, had a substantial effect on plaintiff's liberty interest, to have a fair opportunity of being released on parole. The lack of the requisite plan eliminated any chance of his release.

10. It was the responsibility of defendant Jose Q. Salas, in his capacity as the Chairperson of

Guam Parole Board, to vigilantly insure that plaintiff's statutory rights to procedural due process were maintained. Said defendant had failed to insure plaintiff's rights to procedural due process, in violation of his statutory and constitutional rights.

11. It was the duty of defendant Salas to insure, before plaintiff is brought before, or heard by, Guam Parole Board, that the institutional parole apparatus had executed its statutory duties to plaintiff, by rendering plaintiff reasonable aid in the preparation of his parole plan and in securing information for submission to the Parole Board, in order to insure that plaintiff shall have received a fair hearing.

12. In light of the fact that there was no plan in evidence at or prior to plaintiff's hearing, defendant Salas had reason to know that the institutional parole apparatus had failed to properly perform its duty, and that plaintiff therefore had no chance of being released on parole. By nevertheless allowing the hearing to proceed, defendant Salas exhibited a clear bias against plaintiff – a fair arbiter would not have allowed such charades.

13. On a date prior to 14 March 2007 Santos became aware of his failure to properly schedule a hearing on 11 January 2007 (and the corresponding failures to timely notify plaintiff and provide him assistance in preparation for his parole hearing). Despite his awareness of the failure to accord plaintiff procedural due process, Santos continued to withhold issuing the notice and scheduling the hearing. Santos, instead, sought to coax plaintiff into signing a waiver, promising to strongly support ("ninety nine percent" in his own words) plaintiff's release on parole. Only after plaintiff filed a grievance complaint did Santos finally acquiesce to set a hearing without securing plaintiff's waiver of the violations of his due process. By his actions, defendant Santos, as a representative of the Parole Services Division and the Department of Corrections, in addition to his blatant exhibition of disregard of plaintiff's rights, has completely tainted the process. Santos's misconduct rendered the entire process, culminating in plaintiff's parole hearing on 29 March 2007, void.

8. Once defendant Quinata had received plaintiff's grievance complaint he became aware of Santos's failure to accord plaintiff procedural due process. Despite his awareness of (i) Santos's failure to schedule the hearing; (ii) Santos's continuing to withhold scheduling of

the hearing; (iii) Santos's failure to issue a notice of hearing and serve it on plaintiff; and (iv) Santos's improper attempts to coax plaintiff into signing a waiver, promising to strongly support plaintiff's release on parole, defendant Quinata chose to do nothing. By his inaction, defendant Quinata had contributed to the irreparable taint the process had suffered.

9. Accordingly, the Parole Board Decision in Case No. CF370-00, dated 29 March 2007 is hereby declared void.

10. Defendant Quinata should have had proper oversight of the Parole Services Division and set in place procedures which would have insured the correctness and propriety of its personnel's actions. Quinata should have had a system of checks in place by which failures to timely schedule a parole hearing, failures to provide a timely notice, and failures to render an inmate reasonable aid in the preparation of his parole plan and in securing information for submission to the Guam Parole Board would be noticed immediately upon their occurrence and ameliorated in a timely manner. It is painfully obvious that defendant Quinata has failed to have such checks in place and that he either had no notion of the systemic failures of the institutional parole staff to undertake its duties properly and timely, or that he consciously disregarded such failures. More egregiously, when plaintiff, in a well-articulated grievance complaint, brought these deficiencies to Quinata's attention, Quinata simply ignored the information regarding the serious flaws that had developed in the institutional parole system at the Department of Corrections; at which time, if it had not already sooner, his conduct assumed the quality of deliberate indifference to plaintiff's statutory and constitutional rights to procedural due process.

11. Defendant Quinata has an affirmative duty – based on the provisions of the Fourteenth Amendment's right to substantive due process (applied to Guam through 48 USC § 1421b(u)) – to protect plaintiff from deprivation of life, liberty or property. By failing to properly administer the institutional parole system, defendant Quinata had deprived plaintiff of a fair opportunity to be released on parole, thus violating his right to substantive due process.

12. Defendant Santos, who, in his capacity as a parole officer assigned to plaintiff's case, was

personally responsible for handling preparations for, scheduling of and notifying plaintiff about the relevant parole hearing – has an affirmative duty, based on the provisions of the Fourteenth Amendment's right to substantive due process – to protect plaintiff, who is in custody, from deprivation of life, liberty or property. By failing to properly attend to his duties, defendant Santos had deprived plaintiff of a fair opportunity to be released on parole, thus violating his right to substantive due process.

13. In light of the fact that Defendant Santos's misconduct, was performed by him as a member of the Parole Services Division and, since plaintiff's grievance complaint was channeled through defendant Santos to the Chief of Parole Services Division, which grievance complaint clearly articulated the deprivation of due process, it is clear that defendant Santos was fully aware of the deprivations and that he opted to disregard said deprivations. Accordingly, defendant Santos's actions and omissions as regards the deprivation of plaintiff of due process was undertaken with deliberate indifference to plaintiff's statutory and constitutional rights to procedural and substantive due process.

14. In light of the fact that defendant Santos's misconduct, was performed by him as a member of the Parole Services Division and, since plaintiff's grievance complaint was channeled through Parole Services Division (first to Santos and from Santos to Quinata), it appears that Defendant Quinata was fully aware of these deficiencies and that he acquiesced in Santos's misconduct. Accordingly, defendant Quinata's acts and omissions as regards the deprivation of plaintiff of due process was undertaken with deliberate indifference to plaintiff's statutory and constitutional rights to procedural and substantive due process.

15. Defendant Salas's conduct was also undertaken with deliberate indifference to plaintiff's statutory and constitutional rights to procedural and substantive due process.

16. The Department of Corrections as a whole, currently represented by defendant Palacios, acted in a manner that constituted deliberate indifference to plaintiff's statutory and constitutional rights to procedural and substantive due process.

17. In light of the significant divergence between the mandate of the law regarding assistance to an inmate in advance of a parole hearing and the violation of his constitutional

entitlements to notice and hearing, and the conduct delineated herein-above by defendants, jointly and severally, defendants' acts and omission constitute atypical and significant hardship on plaintiff in relation to the ordinary incidents of prison life.

**B.** For injunctive relief as follows:

1. An order to show cause why a temporary restraining order should not issue compelling defendants Salas to explain why the status quo ante should not be restored by voiding the 29 March Decision in Case No. CF370-00, and any subsequent decision of Guam Parole Board regarding plaintiff.

2. A preliminary injunction, addressed to defendants Quinata and Palacios, compelling them to appoint an objective, disinterested and competent officer, to handle plaintiff's parole processing and presentation, in strict accord with constitutional requirements of due process, as well as the applicable Guam statutory provisions, including, but not limited to the provisions of 9 GCA §§ 80.72(b) and 80.74(b).

3. A permanent injunction directed at defendants Palacios and Quinata ordering them to insure that plaintiff's parole processing and presentation is undertaken by Parole Services Division in strict accord with constitutional requirements of due process, as well as the applicable Guam statutory provisions, including, but not limited to the provisions of 9 GCA §§ 80.72(b) and 80.74(b).

4. A preliminary injunction, addressed to defendant Salas, compelling him to disclose the nature and content of any and all communications between him, as the chairperson of Guam Parole Board, and any of Parole Services Division's personnel regarding plaintiff in relation to his parole and parole hearing(s).

5. A permanent injunction, addressed to defendant Salas, compelling him to disclose the nature and content of any and all communications between him, as the chairperson of Guam Parole Board, and any of Parole Services Division's personnel regarding plaintiff in relation to his parole and parole hearing(s).

6. A preliminary injunction addressed to defendant Salas compelling him to insure a fair and impartial parole board panel be constituted for a hearing as to whether plaintiff is entitled to

be released on parole.

7. A permanent injunction, addressed to defendant Salas compelling him to insure a fair and impartial parole board panel be constituted for a hearing of plaintiff's case as to whether he is entitled to parole.

**C.** For all other and further relief in law and equity to which plaintiff may be entitled.

Dated: 11-7-07

                                                Michael R. Cepeda, Plaintiff pro se