*Exhibit A*

# GRIEVANCE COMPLAINT FORM

NOTICE OF USE: You are advised that prior to filing a Grievance Complaint, you must attempt to informally resolve your complaint verbally or in writing (Inmate Request Form) with a DOC staff member who is responsible in the particular area of the problem. If additional space is needed please use the reverse side or additional paper that is clearly labeled. If inmate is not satisfied with initial response, then he/she may forward a copy of responded grievance up the chain of command.

Inmate Name: Michael Cepeda          Unit: 16     Date of Grievance: 16 March 2007

Select route of grievance. Grievance is routed through A or B. Circle routing letter.

| A  Chain of Command | (B)  Chain of Command |
|---|---|
| 1. Platoon and/or Operations Commander | 1. Assigned CSW or Parole Officer |
| 2. Prison Facility Superintendent | 2. DTSD Administrator or Chief Parole Officer |
| 3. Director | 3. Director |

1. Date on which the basis of this complaint occurred: On or about 11 January 2007

2. State your specific complaint: See Attached Memorandum

3. State what resolution you expect: See Attached Memorandum

Inmate Signature: *Michael Cepeda*          Receipt by Director's designee: _____
(print name, rank, and date)

Responses: All responses are to include: staff members printed resolution, name and rank, signature, and date of action.

**Platoon and/or Operations Commander, Assigned CSW, or Parole Officer:** _____

**Prison Facility Superintendent, DTSD Administrator, or Chief Parole Officer:** _____

NOTE: All responses must be filed out prior to being forwarded to Director of Correction. The decision of the Director shall be final (E.O. 94-19 Section 16.3)

Director of Corrections: (check those that apply)

____ Prison Facility Superintendent's, DTSD Administrator's, or Chief Parole Officer's response **IS UPHELD**.

____ Alternate Response: _____

Director of corrections Signature and date: _____

## Memorandum

**Date:** 15 March 2007

**From:** Michael R. Cepeda

**Re:** Failure to Schedule Parole Hearing

**Background.** As clearly evidenced by the attached Exhibits, the complainant was entitled to a parole hearing sixty days prior to 12 March 2007, his parole eligibility date. He was also entitled to a notice of said hearing well in advance of the hearing. However, the Parole Services Division ("PSD") of the Department of Corrections ("DOC" or "Department") failed to provide either.

PSD personnel is well aware of the failure to schedule the hearing and notify complainant. On 14 March and again on 15 March 2007 complainant was approached by his assigned parole officer who sought to have complainant waive the violation in writing, and had a document consisting of such waiver which he attempted to have complainant sign. Contemporaneously with the attempt to have the waiver executed, the Parole Officer promised to strongly support ("ninety nine percent" in his words) complainant release on parole.

Despite its awareness of the double failure (notice and hearing) of procedural due process, PSD continues to withhold issuing the notice and scheduling the hearing. Moreover, to the extent that the Parole Board is aware of the failures, it is doing nothing to ameliorate them.

**Analysis. Constitutional Right to Procedural Due Process.** 9 GCA § 80.72 (b) provides:

> The Board shall consider the desirability of parole of each inmate at least sixty (60) days prior to his first eligibility[1]. Following such consideration, the Board shall issue a formal order granting or denying parole. If parole is denied, the Board shall state

---

[1] According to the undersigned calculations the date of such consideration was 11 January 2007.

Page 1 of 4

in its order the reasons therefor and the approximate date of next consideration, which shall not be more than one (1) year from the date of the previous consideration. The Board need not state any reasons for denial if to do so would impair a course of rehabilitative treatment of the inmate.

As evidenced by attached Exhibits 1 & 2, the date for the hearing, in accordance with the provisions of 9 GCA § 80.72(b) was 11 January 2007. Procedural due process requires, in the context of a hearing to set a parole date, that a prisoner be afforded notice of the hearing, an opportunity to be heard and, if parole is denied, a statement of the reasons for the denial. Metoyer v. Carey, 2007 WL 611229, *4 (E.D.Cal.2007). The length of time which should be given to a person who is due to be heard by the Parole Board should be measured by the provisions of § 80.74(a)&(b), entitled, "Preparing Prisoner for Parole Hearing," which provides:

> (a) Each prisoner in advance of his parole hearing shall be requested to prepare a parole plan, setting forth the manner of life he intends to lead if released on parole, including such specific information as to where and with whom he will reside and what occupation or employment he will follow. The institutional parole staff shall render reasonable aid to the prisoner in the preparation of his plan and in securing information for submission to the board.
>
> (b) A prisoner shall permitted to advise with any persons whose assistance he reasonably desires, including his own legal counsel, in preparing for a hearing before the board.

Clearly, such preparations take time. Complainant submits that sufficient advance notice is clearly implied by these provisions. In contrast, complainant received no notice whatsoever prior to the due date. The same analysis applies in relation to the deprivation of the hearing itself.

> It can no longer be argued that a prisoner loses all constitutional rights by virtue of his criminal conviction. Under the appropriate circumstances, state prisoners retain the right to the observance of procedural due process when substantial individual interests are at stake. See, e.g., Nolan v. Scafati, 430 F.2d 548 (1st Cir. 1970); United States ex rel. Schuster v. Herold, 410 F.2d 1071 (2d Cir. 1969), cert. denied, 396 U.S. 847, 90 S.Ct. 81, 24 L.Ed.2d 96 (1970); Jackson v. Bishop, 404 F.2d 571 (8th Cir. 1968).

> Two elements must be present for the Fourteenth Amendment Due Process Clause to apply. There must be both state action and a deprivation of 'life, liberty, or property'. Since the redetermination of sentence clearly involves state action, the only question is whether the procedure followed by California deprived the parolee of a protected rights.

Hester v. Craven, 322 F.Supp. 1256, 1262 (D.C.Cal. 1971).

> [A] protected liberty interest may arise from either the Due Process Clause of the United States Constitution or state laws. (Citing, Board of Pardons v. Allen, 482 U.S. 369, 373, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). ... "[A] state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." (Citing, McQuillion v. Duncan, 306 F.3d 895, 901 (9th Cir.2002) (internally quoting Greenholtz v. Inmates of Nebraska Penal, 442 U.S. 1, 12, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979)).) ... [A] court must examine whether the deprivation of petitioner's liberty interest in this case lacked adequate procedural protections and therefore violated due process.

Metoyer v. Carey, supra, 2007 WL 611229, at *3.

The similarity of this case to Hester is striking. The undersigned was deprived of his statutory rights to a notice and hearing, and could have been released on parole, already. There is no guaranty that the parole board will not deny complainant parole simply in order to show that he did not suffer any harm as a result of the violations of his legal rights. And, PSD and the Parole Board continues to withhold issuing the notice and scheduling the hearing, though at least PSD is fully aware of the fact that it is depriving the undersigned of his constitutionally protected rights to procedural due process. The courts, have, indeed, observed that,

> 'Even though a legally convicted person has no vested right to the determination of his sentence at less than maximum, his liberty, or denial thereof, may not be made to turn upon mere whim, caprice, or rumor. Thus in redetermining sentence, although no 'cause' need be stated in the order, the conclusion is inescapable that such action cannot be taken in the absence of good cause. (Citing, In re McLain, 55 Cal.2d 78, 87, 9 Cal.Rptr. 824 (1960).)

Id., at 1262.

That, however, is precisely what has transpired here. The complainant was entitled to a notice, which was not provided, and a hearing no later than a particular date (11 January 2007), which was not scheduled. He does not wish to waive the violation of his due process. Consonantly, the government, and the individuals it employs in order to insure compliance with the attendant legal requirements, are intentionally withholding the notice and postponing the hearing even further, consciously but with no justification, whatsoever.

**Expected Resolution.** The undersigned requests the following:

1. To be made whole for the deprivation he had suffered.

2. Immediate mitigation of the inaction of PSD.

3. The appointment of a neutral officer, outside of PSD, to handle his parole processing and presentation.

4. A determination whether the Parole Board was contacted by PSD and whether any discussions were had (informally or otherwise) between PSD personnel and members of the Parole Board regarding his parole hearing and related notice and the attendant failures.

5. A complete disclosure of the contents of any such discussions.

6. To insure a fair and impartial parole board be constituted for his parole hearing.

Date: 15 March 2007

_____
Michael R. Cepeda, Complainant

DEPARTMENT OF CORRECTIONS
P.O. Box 3236
Hagatna, Guam 96932

APPENDIX B

Change:# 0

Page # 01 of # 02

INMATE SENTENCE COMPUTATION    Remarks:_____
AS OF _____

| NAME: (Last, First, Middle) CEPEDA, MICHAEL RODRIGUEZ | SOCIAL SECURITY NO. 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 | BIRTH DATE: M/D/Y 09-28-1971 | SEX: [ ] Female [XX] Male |
|---|---|---|---|
| CASE NO. | CONVICTION(S) | SENTENCE | MANDATORY TIME |
| CF370-00 | BURGLARY (2ND. Degree)(First Charge); | TEN (10) Years; | 05 Years |
|  | POSSESSION OF A FIREARM WITHOUT A VALID FIREARMS IDENTIFICATION CARD (Felony)(Second Charge); | TWO (02) Years, Concurrent to above. Upon completion, FIVE (05) Years Parole; | 0 |
| CF0087-90 | PER ORDER OF THE BOARD REVOKING PAROLE FOR: FIRST DEGREE CRIMINAL SEXUAL CONDUCT (1ST. Degree). | Effective 12-28-2000 to serve remainder of Parole tenure of 02Years 05Months 14Days with a Full Time Release on JUNE 07, 2003. | 0 |
| CONVICTION DATE: 02-15-2001(046) 12-28-2000 (363) | DATE SENTENCE IMPOSED: 02-15-01(046) 12-28-2000 (363) | ADMISSION DATE: GDF:07-13-2000 (195) ACF:02-16-2001 (047) | AGGREGATE SENTENCE: TEN (10) YEARS | TOTAL MANDATORY: 05 Years |
| SPECIAL PAROLE: [X] YES FIVE (05) [ ] NO YEARS | PROBATION TO FOLLOW: [ ] YES [X] NO -0- | TOTAL FINES/COSTS: None Indicated | SPECIAL COURT ORDERS: Refer to the Commitment, Judgment and Order Revoking Parole. |

PRE-TRIAL DETENTION

1. Time served in Pre-trial Detention Facility

| FROM: | TO: | TOTAL DAY(S) |
|---|---|---|
| 07-13-2000 | 12-27-2000 | 168 |

Booked & Confined, and Committed. Parole Revoked Effective 12-28-2000 for CF0087-90. Inmate was later Sentenced for CF370-00 and transferred to ACF on 02-16-2001, per Commitment Order. (dcc)

2. Credit for pre-trial detention (Enter total day(s) from line 1).................................. 168

| | |
|---|---|
| **PAROLE ELIGIBILITY** | 3. [ ] Not Eligible  3a. [ ] Life without Parole  3b. [ ] Mandatory Sentence |

4. [XX] Parole Eligible
    4a. [X] 2/3 of TEN (10) Years = [ 06 / 08 / 00 ]
                                 Yr /Mo /Dy
    4b. [ ] 50% of _____ Years = [ _____ ] P.L. #24-271
                                   Yr /Mo /Dy
    4c. [ ] 85% of _____ Years = [ _____ ] P.L. #24-270
                                   Yr /Mo /Dy

5. [ ] Other_____

Right column: 239 -168 Line #2 (071)

6. Actual time to be served before Parole Eligibility Date (PED):

| From: | To: | TOTAL: |
|---|---|---|
| | | Yr Mo Dy |
| 12-28-2000 | 12-27-2006 | 06 -00-00 |
| 12-28-2006 | 08-27-2007 | 00 -08-00 |

7. Enter last date of line 6 [ 08-27-07 ] refer to table and convert to Julian date [ 239 ]
8. Actual Parole Eligibility Date (Subtract line 2 from line 7 Julian date) *Enter PED Calendar date.......

Right column: * 03-12-07 ( 071 )

**ACTUAL CONFINEMENT TIME**

9. Total Confinement time to be served (Enter total Aggregate Sentence(s): [ 10 /00 /00 ]
                                                                         Yr /Mo /Dy

Right column: 361 -168 Line #2 (193)

| From: | To: | TOTAL: |
|---|---|---|
| | | Yr Mo Dy |
| 12-28-2000 | 12-27-2010 | 10 00 00 |

10. Enter last date under total column in #9 [ 12-27-10 ] refer to table, convert to Julian Date (361)
11. FTRD (Subtract line 2 from 10 Julian Date) *Enter FTR Calendar date............................

Right column: * 07-12-10 (193)

**WORK CREDITS**

12. Prisoner Public Works Program(PPWP - Per 9GCA, §81.10) Credit hours [ None ]
13. Total days earned(Divide line 12 by 40 hours) formula:40 hours =1 Day Credit [ None ]

Right column: None

**FULL TIME RELEASE DATE**

14. Adjusted Full Time Release Date(Subtract line 13 from line 11 Julian Date)*Enter Adjusted FTR Calender Date.......................................................................................................................

Right column: * _____ ( )

| Prepared by: (Signature) | (Print Name/Title) Diana C. Cruz, Corrections Supervisor I | Date: 11-06-2001 |
|---|---|---|
| Concurred by: (Signature) | (Print Name/Title) Marie Quitugua Borja, Lieutenant | Date: 03·05·02 |
| Independent Verification by: (Signature) | (Print Name/Title) Linda F. Ortiz, CSW. III | Date: 3/18/02 |

Revised 10/31/01dc

INMATE: CEPEDA, MICHAEL RODRIGUEZ      CASE #: CF0370-00 & CF0087-90

COMP B      Page # 02 of # 02      DETAINER: None

ORIGINAL: Comp. COPIES: CCSD, PSD, Forensic, Unit File, Inmate

| ADJUSTMENT CLASSIFICATION COMMITTEE<br>Department of Corrections<br>Mangilao, Gu | ACC MEMBERS (Present)<br>[ ] L.M. Ortiz, Chairperson<br>[X] M.T. Perez, 1st V/Chairperson<br>[X] J.M. Sriboon, Member<br>[X] S.D. Donato, Member<br>[X] C.J. Toves, Member |
|---|---|

## NOTICE OF HEARING & RECOMMENDATIONS

| INMATE: (Last, First, Middle Initial)<br><br>CEPEDA, Michael R. | CASE NO.:<br><br>06-05-186 |
|---|---|
| CURRENT CLASSIFICATION:<br><br>MEDIUM (Level 1) | HEARING DATE:<br><br>May 10, 2006 | HEARING TIME:<br><br>1408 hours |

PROGRAM ELIGIBILITY:

[X] Work Credits        [X] Work Release

[X] Education Release   [ ] Other

| TYPE/PURPOSE OF PRESENTATION:<br><br>11 Months Institutional Review as per 05-06-204 | PRESENTER:<br><br>ACC |
|---|---|
| OFFENSE:<br><br>CF087-90   Parole Revocation (Original Offense: CSC)<br><br>CF370-00   Burglary (2cts)<br>Possession of a Firearm without ID | AGGREGATE SENTENCE:<br><br>Ten (10) years incarceration |
| PAROLE ELIGIBILITY DATE:<br><br>03/12/2007 | FULL-TIME RELEASE DATE:<br><br>07/12/2010 | TIME SERVED (As of Hearing Date):<br><br>5 years, 10 months, 28 days |

CORRECTION SOCIAL WORKER'S RECOMMENDATION:
None

OTHER OFFICIAL(S) RECOMMENDATION:

[X] Unit OIC: Positive report from Unit Manager.
[X] Forensic Administrator: Forensic report indicated that inmate has completed various programs and is currently attending one.
[X] Work Assignment Supervisors: Participating in welding and yard detail.
[ ] Program Coordinators (Education/Chapel):
[ ] Computation:
[ ] Other Official Recommendation:
Inmate is requesting for promotion to Medium Level 3.

ACC RECOMMENDATION:

THAT inmate be **UPGRADED** to **MEDIUM (LEVEL 2)**. Continue forensic programs.

Next Review Schedule: 11 Months

ACC JUSTIFICATION:

As per Executive Order 97-05.

VOTING:    3   YES    0   NO    0   ABSTENTION    Reason:

SUBMITTED BY: _____   DATE: 5/15/06
M.T. PEREZ, ACC 1st VICE CHAIRPERSON

OFFICIAL ACTION:

[X] APPROVED              MAY 15 2006
[ ] DISAPPROVED           DATE: _____
REASON:

F.B. CRISOSTOMO, MAJOR
Prison Security Administrator

Appeal Procedures: Refer to DOC General Order No. 97-006 or ACC Policies & Procedures (03/29/96) Sect. 27.0-27.4.

Revised: 10/27/98
Original:      ACC File
Distribution:  Inmate; Unit File; Superintendent; DTSD

Exhibit 2