*Exhibit C*



1  Michael R. Cepeda
   Department of Corrections
2  Post 16, ACF, Mangilao, Guam
   P.O. Box 3236
3  Hagåtña, Guam 96932
   734-3981
4
   Plaintiff pro se
5

6                    **SUPERIOR COURT OF GUAM**

7

8  Michael R. Cepeda,

9                         Plaintiff,          CIVIL CASE NO. CV_____

10     vs.

11 Robert D. Camacho, Director, Department        **COMPLAINT FOR DECLARATORY**
   of Corrections, Government of Guam; Ronald     **AND INJUNCTIVE RELIEF**
12 S.N. Santos, Parole Services Division Officer,
   Department of Corrections; Jose Salas, a.k.a.,
13 J.Q. Salas, Chairman, Guam Parole Board,
   Department of Corrections; John & Jane Doe
14 I-XX,

15                        Defendants.
   _____/
16

17 1.      This court has jurisdiction over this matter by virtue of the provisions of 7 GCA § 3105.

18 2.      Plaintiff is, and at all relevant times was, a citizen of the United States and a resident of its

19 unincorporated Territory of Guam ("Guam"), incarcerated at the Adult Correctional Facility ("ACF")

20 of the Department of Corrections ("DOC" or the "Department"), located in Mangilao, Guam.

21 3.      Defendant Robert D. Camacho ("Camacho") is, and at all times relevant to the within

22 complaint was, the appointed Director of the Department of Corrections ("DOC"), Government of

23 Guam. He is sued in his official capacity. Plaintiff is informed and therefore believes that Camacho

24 is a citizen of the United States and a resident of Guam.

25 4.      Defendant Ronald S.N. Santos ("Santos") is an employee of the Parole Services Division

26 ("PSD"), at DOC. Defendant Santos is sued in his official capacity. Plaintiff is informed and

27 therefore believes that Santos is a citizen of the United States and a resident of Guam. Plaintiff is

28 also informed and therefore believes that Santos was, at all times relevant to the within complaint,

   the Parole Officer responsible, on behalf of the institutional parole apparatus at DOC (which includes

   Exhibit C, p.1

 CV 0567-07

PSD), for handling, preparation and processing of plaintiff's parole hearing, which duties included

assisting plaintiff in preparation for his parole hearing.

5.   Defendant Jose Salas, a.k.a., J.Q. Salas ("Salas") is, and at all times relevant to the within

complaint was, the appointed chairperson of the Guam Parol Board at DOC, which board is part of

the institutional parole system at DOC, who is sued in his official capacity. Plaintiff is informed and

therefore believes that Salas is a citizen of the United States and a resident of Guam.

6.   Defendants Does I-XX are either individuals or other legal entities amenable to suit under

the laws of Guam, including but not limited to corporate entities providing insurance and

government actors and entities, who in some manner, through action or omission or both, have

caused or contributed to the causation of or are otherwise liable for the wrongful acts and omissions

alleged herein, and who may be amenable to suit in this court or such other court to which this

complaint may be removed, including causes of action not alleged herein, but which arise from the

same transaction or transactions alleged.  Plaintiff, at this time, is unable to state a claim against any

of these defendants due to lack of sufficient information but, once such information is obtained,

plaintiff will amend his complaint in order to properly reflect said defendants' liability herein.

7.   Plaintiff, prior to filing this complaint, had exhausted all available administrative remedies:

As shown by attached Exhibit A, on or about 15 March 2007, plaintiff submitted a grievance

complaint at his unit, Post 16, to the Unit Manager, Sargent A.S. San Nicholas, in the proper form,

with proper indication of the requisite progression to be followed, by marking the appropriate

section, seeking to employ the following administrative steps, as provided by Executive Order 94-19,

Chapter 16, §§ 16.2.(D)(1)&(2) and 16.3, to wit:

  (a)   Inmate [through his unit officer] to middle management/section supervisor, parole
        officer or assigned caseworker
  (b)   Inmate to Prison Security Administrator
  (c)   Inmate to Director of Corrections.

Exhibit A, first page.

8.   Plaintiff is informed and therefore believes that his 15 March grievance complaint (attached

Exhibit A) has been and currently is in the possession of defendant Camacho, who intentionally has

declined to respond to it and continues to do so at the present, despite the clear mandate established

Exhibit C, p.2

Case 1:07-cv-00033     Document 1-4     Filed 11/28/2007     Page 3 of 27

by the letter and the spirit of Executive Order 94-19 § 16.1. For instance, § 16.1(b) states that such a complaint "*will receive* attention and *a written response* within a short period of time from the appropriate authority." (Emphasis added.) The Department is, in fact, required to respond to a grievance complaint within seven (7) working days from the date of its filing (see, Executive Order 94-19 § 16.2(B). Accordingly, Camacho should have responded not later than 24 march 2007.

9.    As clearly evidenced by the Exhibits (entitled, respectively, Exhibit 1 & Exhibit 2) attached to Exhibit A of this complaint, it is undisputed that plaintiff's parole eligibility date was 12 March 2007. The express language of 9 GCA § 80.72(b), mandates: "The [Parole] Board *shall* consider the desirability of parole of each inmate *at least sixty ... days prior to his first eligibility*." (Emphasis added.) Accordingly, plaintiff was entitled to a parole hearing on or before 11 January 2007. Plaintiff was also entitled to a notice of said hearing well in advance of the hearing. However, plaintiff is informed and therefore believes that defendant Santos had knowingly or, alternatively, recklessly and in conscious disregard of his duty to plaintiff, failed to set the hearing on the requisite date and to provide plaintiff the requisite notice well in advance of the statutorily mandated hearing date.

10.    Procedural due process requires, in the context of a hearing to set a parole date, that a prisoner be afforded notice of the hearing, an opportunity to be heard and, if parole is denied, a statement of the reasons for the denial. The length of time, between serving him with the notice and the hearing date, which should be given to a person who is due to be heard by the Parole Board should be measured by the provisions of 9 GCA § 80.74(a)&(b), entitled, "Preparing Prisoner for Parole Hearing," which provides:

> (a) Each prisoner *in advance of his parole hearing shall be requested to prepare a parole plan*, setting forth the manner of life he intends to lead if released on parole, including such specific information as to where and with whom he will reside and what occupation or employment he will follow. *The institutional parole staff shall render reasonable aid to the prisoner in the preparation of his plan and in securing information for submission to the board*. (Emphasis added.)

> (b) A prisoner shall permitted (sic) to advise with any persons whose assistance he reasonably desires, including his own legal counsel, in preparing for a hearing before the board.

Despite the mandatory language of 9 GCA § 80.74, above, Defendant Santos had knowingly or,

1 alternatively, recklessly and in conscious disregard of his duty to plaintiff, prevented plaintiff from
2 having sufficient time and opportunity for such preparations.

3 11.     Santos was well aware of his failure to schedule the hearing and the corresponding failure
4 to notify plaintiff. On 14 March and, again, on 15 March 2007 plaintiff was approached by Santos,
5 who actively sought to have plaintiff waive the violations in writing.  Santos had, ready at hand, a
6 document consisting of such waiver which he attempted to coax plaintiff into signing, promising to
7 strongly support ("ninety nine percent" in his own words) plaintiff's release on parole.

8 12.     Despite his awareness of the failure to accord plaintiff procedural due process, Santos
9 continues to withhold scheduling the hearing, or  issuing the notice while seeking to have plaintiff
10 sign the waiver. Only after plaintiff filed his grievance complaint did Santos finally acquiesce to set
11 a hearing without first securing plaintiff's waiver of the violations of his due process.  However, in
12 clear violation of 9 GCA § 80.74(a), Santos failed to give plaintiff sufficient time,  in advance of his
13 parole hearing, to prepare a parole plan.

14 13.     Moreover, Santos failed to perform his duties, as provided by 9 GCA § 80.74(a), to "render
15 reasonable aid to [plaintiff] in the preparation of his plan and in securing information for submission
16 to the board."  As a result of Santos's failure, plaintiff did not have such a plan ready at the time he
17 appeared before the Parole Board. Such failure significantly reduced plaintiff's chances of securing
18 his release on parole.

19 14.     In light of the fact that Santos is a seasoned parole officer, plaintiff is informed and therefore
20 believes that Santos was fully aware of his duties to plaintiff, including those which are based on
21 the provisions of  9 GCA § 80.74(a).  Accordingly, Santos's violation of 9 GCA § 80.74(a) was
22 knowingly or, alternatively, recklessly and in conscious disregard of his duty to plaintiff, to assist
23 in facilitating his release on parole.

24 15.     Defendant's Santos's failures, as enumerated above in §§ 9-14, inclusive, worked to deprive
25 plaintiff of a hearing, as such hearing was contemplated by the legislation providing therefor, in
26 violation of his Constitutional right, based on the Fourteenth Amendment to the U.S. Constitution,
27 to procedural due process, and therefore significantly compromised his ability to secure release on
28 parole.

Exhibit C, p.4

16.     In light of the express language of 9 GCA § 80.72(b), plaintiff is informed and therefore believes that defendant Salas, in his capacity as the chairperson of the Guam Parole Board, which board is part of the institutional parole apparatus at DOC, was aware, or should have been aware, of plaintiff's parole eligibility date, which date was well documented in the regular course and manner of business of the institutional parole records. (See, e.g., Exhibits 1 & 2 attached to Exhibit A.)

17.     Plaintiff is informed and therefore believes that defendant Salas, in his capacity as the chairperson of the Guam Parole Board was aware or should have been aware of the fact that a hearing, which should have been scheduled before the Guam Parole Board in accordance with applicable law (9 GCA § 80.72 (b)), was not so scheduled, in violation of plaintiff's statutory entitlement to such a hearing.

18.     Plaintiff is informed and therefore believes that defendant Salas, in his capacity as the chairperson of the Guam Parole Board was aware or should have been aware that plaintiff was entitled to a notice of said hearing well in advance of the hearing but was denied such notice.

19.     Plaintiff is informed and therefore believes that defendant Salas, in his capacity as the chairperson of the Guam Parole Board, had a duty to insure that proper notice and hearing are provided to plaintiff, in accordance with the provisions of applicable law and his Constitutional rights.

20.     Due to the fact that 9 GCA § 80.74(a) requires plaintiff, "in advance of his parole hearing," to prepare a very specific parole plan for his immediate future conduct, and the fact that no such plan was in evidence prior to or at plaintiff's hearing, plaintiff is informed and therefore believes that defendant Salas, in his capacity as the chairperson of the Guam Parole Board, knew or had reason to know that plaintiff was deprived of a proper opportunity to prepare for the hearing, and that the assistance required to be provided plaintiff, in accordance with the provisions of 9 GCA § 80.74(a), by the   the institutional parole apparatus was not provided.   Salas, therefore, should taken ameliorative steps to insured compliance with 9 GCA § 80.74(a).

21.     In light of the express language of 9 GCA § 80.74(a), and its applicability to parole hearings before the Guam Parole Board, plaintiff is informed and therefore believes that defendant Salas, in

Exhibit C, p.5

his capacity as the chairperson of the Guam Parole Board, was aware, or should have been aware, of plaintiff's entitlement to (i) assistance by the institutional parole apparatus and (ii) proper opportunity to prepare for the hearing in accordance with the provisions of § 80.74(a), supra, but that Salas intentionally disregarded his duties to plaintiff's great detriment.

22.     Plaintiff is informed and therefore believes that defendant Salas, in his capacity as the chairperson of the Guam Parole Board, either knowingly or, alternatively, recklessly and in conscious disregard of his duty to plaintiff, failed to ameliorate the violations of plaintiff's Constitutional and statutory rights to said procedural due process, as described in the foregoing paragraphs, and through such failure and disregard perpetuated and intensified said violations. Such conduct was in clear derogation of Salas's duties as the chairperson of the Guam Parole Board.

23.     Defendant Salas's above-enumerated failures and disregard of his duties, as delineated above in §§ 16-22, inclusive, worked to deprive plaintiff of a hearing, as such hearing was contemplated by applicable legislation, thus, in violating his Fourteenth Amendment's Constitutional right to procedural due process, therefore, meaningfully compromising his ability to secure release on parole.

24.     Plaintiff was deprived of (i) his statutory rights to a timely notice; (ii) an opportunity to meaningfully prepare for the hearing, and (iii) a hearing, as such hearing was contemplated by the legislation providing therefor, in violation of his Fourteenth Amendment's Constitutional right to procedural due process. Had the process been engaged in regularly and in accordance with applicable law and Constitutional mandate, plaintiff chances of being released on parole would have been significantly enhanced. It was, ultimately, the responsibility of defendant Robert D. Camacho, as the Director of the Department of Corrections, to insure that plaintiff's constitutional and statutory rights to procedural due process were upheld and sustained.

25.     Defendant Camacho should have had proper oversight of the Parole Services Division and set in place procedures which would have insured that actions of its personnel are proper and correct. In light of the applicable statutory provisions, Camacho should have had in place a system of checks by which failures to timely schedule a parole hearing, failures to provide timely notices, and failures to render an inmate reasonable aid in the preparation of his plan and in securing information for submission to the Parole Board, would be noticed near their occurrence and ameliorated in a timely

and meaningful manner. It is painfully obvious that defendant Camacho has failed to have such checks in place and that he had no notion of the systemic failures of the institutional parole apparatus to undertake its collective duties properly and timely. Camacho's failures, as delineated here, are indicative of dereliction of his duties to adequately manage the institutional parole apparatus.

26. The territory of Guam, acting through defendant Camacho, has an affirmative duty, based on the provisions of the Fourteenth Amendment's right to (substantive) due process, to protect a citizen when that citizen is its custody from deprivation of life, liberty or property. By failing to properly administer the institutional parole apparatus, defendant Camacho had deprived plaintiff of a fair opportunity to be released on parole, thus violating his right to substantive due process.

27. When plaintiff, in a well-articulated grievance complaint (Exhibit A), brought to Camacho's attention the systemic failures of the institutional parole staff to undertake its duties properly and timely, Camacho simply ignored the information regarding these serious flaws that had developed in the institutional parole system at DOC. Though plaintiff submits that it had occurred earlier, it becomes certain that at that juncture Camacho's conduct constituted deliberate indifference to plaintiff's statutory and Constitutional rights to procedural due process and the detrimental effect on his right to liberty caused by the deprivation of said rights..

28. Plaintiff, in his grievance complaint (see Exhibit A's attached Memorandum, p.3), stated that in light of the fact that defendant Santos and the Parole Board continued to withhold issuing the notice and scheduling the hearing, though at least PSD (i.e., Santos) was fully aware of the fact that it is depriving plaintiff of his constitutionally protected rights to procedural due process, plaintiff anticipated that the parole board will deny him parole, "simply in order to show that he did not suffer any harm as a result of the violations of his legal rights." Id.

29. Plaintiff observed, that, "the government, and the individuals it employs in order to insure compliance with the attendant legal requirements, are intentionally withholding the notice and postponing the hearing even further, consciously, but with no justification, whatsoever." Id., p.4. The only reason of which plaintiff is aware for such conduct was his refusal to execute the waiver sought by defendant Santos. Clearly, Santos, as the active agent of the institutional parole apparatus in this particular case, exhibited conduct which was deliberately indifferent to plaintiff's rights.

30.     The staff member assigned to handle plaintiff's parole preparations was defendant Santos. It was defendant Santos, however, who (i) deliberately delaying notice of the hearing; (ii) deliberately denying plaintiff an opportunity to meaningfully prepare for the hearing; and (iii) deliberately delaying the scheduling of a hearing, plaintiff could not eliminate the delay and disruption created by such misconduct, through informal contacts with staff members, especially since. Plaintiff's informal interaction with Santos came to naught. Thus, plaintiff opted to file a grievance complaint, in accord with the provisions of Executive Order 94-16 § 16.2.

31.     In light of the foregoing, plaintiff requested the following relief in his grievance complaint:

> (a) To be made whole for the deprivation he had suffered.
> (b) Immediate mitigation of the inaction of PSD.
> (c) The appointment of a neutral officer, outside of PSD, to handle his parole processing and presentation.
> (d) A determination whether the Parole Board was contacted by PSD and whether any discussions were had (informally or otherwise) between PSD personnel and members of the Parole Board regarding his parole hearing and related notice and the attendant failures.
> (e) A complete disclosure of the contents of any such discussions.
> (f) To insure a fair and impartial parole board be constituted for his parole hearing.

Id.

32.     On or about 16 march 2007 plaintiff was orally informed that he will be heard by the Guam Parole Board on 29 March 2007.

33.     A hearing that was held before the Parole Board on 29 March 2007, attended by defendant Salas, as Chairman of the Board, Ms. Soledad ("Dot") Chargualaf and Mr. Keneth Boardman, both as members of the Guam Parole Board.

34.     Plaintiff was not properly prepared for the hearing.

35.     Following the hearing the Parole Board, by majority vote, decided to deny plaintiff parole. A written decision to that effect was issued on 29 March 2007.

36.     Between 29 March and 19 April 2007 plaintiff repeatedly inquired with his unit officers about the Board's decision. His unit officers invariably inquired as to whether a decision was made by the Parole Board and were invariably told that no such decision was made. Finally, on 19 April 2007 plaintiff was provided with the Board's decision. (See, attached Exhibit B.) As is clear from the four corners of the Exhibit (p.2) it was issued on 29 March 2007, but was withheld from plaintiff for over twenty (20) days.

37.     Based on the foregoing plaintiff submits that he is entitled to a judicial declaration enumerating the violations of his procedural due process; declaring the Parole Board Decision in Case No. CF370-00, dated 29 March 2007, void; and to injunctive relief compelling the Department of Corrections, through its director, defendant Camacho, to insure that plaintiff is provided with a proper notice, opportunity and assistance in preparation for his hearing, to be provided by impartial officers and a fair and impartial hearing before an untainted Board.

38.     The court should also declare that Defendants Santos and Salas must be disqualified from participation in the process of providing plaintiff with a fair hearing and the applicable pre-hearing procedures as required by law and by the U.S. Constitution.

## Prayer

In accordance with the allegations made herein-above, plaintiff prays as follows:

**A.** For a judicial declaration stating that:

1.     Plaintiff, prior to filing this complaint, had exhausted all available administrative remedies. Defendant Robert D. Camacho had a duty to respond to plaintiff's grievance complaint, filed in accordance with the provisions of Executive Order 94-19 § 16, but intentionally failing to respond to it despite the clear mandate established by the letter and the spirit of Executive Order 94-19, which requires such a complaint to receive a written response within seven (7) working days from the date of its filing. Said failure unnecessarily necessitated the filing of the complaint in the above-entitled matter.

2.     The express language of 9 GCA § 80.72(b) requires that the Guam Parole Board consider the desirability of parole for plaintiff (and all others in his position) at least sixty (60) days prior to his eligibility date. It is undisputed that plaintiff's eligibility date was 12 March 2007. Accordingly, plaintiff was entitled to a parole hearing on or before 11 January 2007. The failure to provide plaintiff's with a parole hearing on 12 March 2007 constituted a violation of his statutory right to such a hearing.

3.     In accordance with the provisions of the U.S. Constitution, it is a requirement of procedural due process, in the context of a hearing to consider release on parole, that plaintiff be afforded notice of the hearing and opportunity to be heard. Because of the inordinate delay in scheduling plaintiff's

Case 1:07-cv-00033     Document 1-4     Filed 11/28/2007     Page 10 of 27

parole hearing plaintiff was deprived of his right to procedural due process.

4.     It was (i) the responsibility of defendant Robert D. Camacho, as the Director of DOC; and (ii) jointly and severally the responsibility of defendant Ronald S.N. Santos as the Parole Officer assigned by the Parole Services Division to handle plaintiff's parole hearing; and (iii) jointly and severally the responsibility of defendant Jose Q. Salas, in his capacity as the Chairperson of the Guam Parole Board, to vigilantly insure that plaintiff's statutory rights to procedural due process were maintained. Each and every one of said defendants failed to ensure plaintiff's rights to procedural due process, in violation of his statutory and Constitutional rights.

5.     In accordance with applicable statutory law plaintiff, in advance of his parole hearing, was to be requested to prepare a parole plan, setting forth the manner of life he intends to lead if released on parole, including such specific information as to where and with whom he will reside and what occupation or employment he will follow. It was the legal duty of defendant Santos, as the assigned institutional parole staff, to render plaintiff reasonable aid (i) in the preparation of his plan; and (ii) in securing information for submission to the Parole Board. It was the ultimate responsibility of defendant Camacho to insure that the institutional parole staff would render plaintiff reasonable aid in the preparation of his plan and in securing information for submission to the Parole Board. Both defendants utterly failed to performed their duties to plaintiff. As a result, plaintiff was not properly prepared at his parole hearing, thus insuring the resulting denial of parole. Said defendants' conduct, jointly and severally, had a substantial effect on plaintiff's liberty interest, to have a fair opportunity of being released on parole. The lack of the requisite plan eliminated any chance of his release.

6.     It was also the duty of defendant Salas to insure, before plaintiff is brought before, or heard by, the Parole Board, that the institutional parole apparatus had executed its statutory duties to plaintiff, by rendering plaintiff reasonable aid in the preparation of his plan and in securing information for submission to the Parole Board. In light of the fact that there was no plan in evidence at or prior to plaintiff's hearing, Salas had reason to know that the institutional parole apparatus had failed to properly perform its duty, and that plaintiff therefore had no chance of being released on parole. By allowing the hearing to proceed nevertheless, Salas exhibited a clear bias

against plaintiff: A fair arbiter would not have allowed such charades.

7.    On a date prior to 14 March 2007 Santos became aware of his failure to properly schedule a hearing on 11 January 2007 (and the corresponding failures to timely notify plaintiff and provide him assistance in preparation for his parole hearing). Despite his awareness of the failure to accord plaintiff procedural due process, Santos continued to withhold issuing the notice and scheduling the hearing. Santos, instead, sought to coax plaintiff into signing a waiver, promising to strongly support ("ninety nine percent" in his own words) plaintiff's release on parole. Only after plaintiff filed his grievance complaint did Santos finally acquiesce to set a hearing without securing plaintiff's waiver of the violations of his due process. By his actions, defendant Santos, as a representative of the Parole Services Division and the Department of Corrections, in addition to his blatant exhibition of disregard of plaintiff's rights, has completely tainted the process. Santos's misconduct rendered the entire process, culminating in plaintiff's parole hearing on 29 March 2007, void.

8.    Once Camacho received plaintiff's grievance complaint he became aware of Santos's failure to accord plaintiff procedural due process. Despite his awareness of (i) Santos's failure to schedule the hearing; (ii) Santos's continuing to withhold scheduling of the hearing; (iii) Santos's failure to issue a notice of hearing and serve it on plaintiff; and (iv) Santos's improper attempts to coax plaintiff into signing a waiver, promising to strongly support plaintiff's release on parole, Camacho chose to do nothing. By his inaction, defendant Camacho, in addition to his blatant exhibition of disregard of plaintiff's rights, has contributed to the irreparable taint the process had suffered.

9.    Accordingly, the Parole Board Decision in Case No. CF370-00, dated 29 March 2007 is void.

10.   Defendant Camacho should have had proper oversight of the Parole Services Division and set in place procedures which would have insured the correctness and propriety of its personnel's actions. Camacho should have had a checks' system in place by which failures to timely schedule a parole hearing, failures to provide a timely notice, and failures to render an inmate reasonable aid in the preparation of his plan and in securing information for submission to the Parole Board would be noticed immediately upon their occurrence and ameliorated in a timely manner. It is painfully obvious that defendant Camacho has failed to have such a checks in place and that he had no notion

Case 1:07-cv-00033    Document 1-4    Filed 11/28/2007    Page 12 of 27

of the systemic failures of the institutional parole staff to undertake its duties properly and timely. More egregiously, when plaintiff, in a well-articulated grievance complaint, brought these deficiencies to Camacho's attention, Camacho simply ignored the information regarding the serious flaws that had developed in the institutional parole system at DOC; at which time his conduct assumed the quality of deliberate indifference to plaintiff's statutory and Constitutional rights to procedural due process.

11.     Defendant Camacho, has an affirmative duty – based on the provisions of the Fourteenth Amendment's right to substantive due process – to protect plaintiff, who is in Camacho's custody, from deprivation of life, liberty or property. By failing to properly administer the institutional parole system, defendant Camacho had deprived plaintiff of a fair opportunity to be released on parole, thus violating his right to substantive due process.

12.     Defendant Santos, who, in his capacity as a parole officer assigned to plaintiff's case, was personally responsible for handling preparations for, scheduling of and notifying plaintiff about the relevant parole hearing – has an affirmative duty, based on the provisions of the Fourteenth Amendment's right to substantive due process – to protect plaintiff, who is in custody, from deprivation of life, liberty or property. By failing to properly attend to his duties, defendant Santos had deprived plaintiff of a fair opportunity to be released on parole, thus violating his right to substantive due process.

13.     In light of the fact that Defendant Santos's misconduct, as a member of the PSD, stretched over a protracted period of time, and since plaintiff's grievance complaint was channeled through PSD, it appears that Defendant Santos's conduct may have tainted the entire PSD, who acquiesced in Santos's misconduct.

14.     Defendant Camacho's conduct was undertaken with deliberate indifference to plaintiff's statutory and Constitutional rights to procedural due process.

15.     Defendant Santos's conduct was undertaken with deliberate indifference to plaintiff's statutory and Constitutional rights to procedural due process.

16.     Defendant Salas's conduct was undertaken with deliberate indifference to plaintiff's statutory and Constitutional rights to procedural due process.

**B.**     For injunctive relief as follows:

1.     An order to show cause why a temporary restraining order should not issue compelling defendants Salas to explain why the status quo ante should not be restored by voiding the 29 March Decision in Case No. CF370-00.

2.     A preliminary injunction, addressed to defendant Camacho, compelling him to appoint a neutral officer, outside of PSD, if necessary, to handle plaintiff's parole processing and presentation, in strict accord with Constitutional requirements of due process, as well as the applicable Guam statutory provisions, including, but not limited to the provisions of 9 GCA §§ 80.72(b) and 80.74(b).

3.     A permanent injunction, addressed to defendant Camacho, compelling him to appoint a neutral officer, outside of PSD if necessary, to handle plaintiff's parole processing and presentation, in strict accord with Constitutional requirements of due process, as well as the applicable Guam statutory provisions, including, but not limited to the provisions of 9 GCA §§ 80.72(b) and 80.74(b).

4.     A preliminary injunction, addressed to defendant Salas, compelling him to disclose all communications between him, as the chairperson of the Guam Parole Board and any of PSD's personnel regarding plaintiff.

5.     A permanent injunction, addressed to defendant Salas, compelling him to disclose all communications between him, as the chairperson of the Guam Parole Board and any of PSD's personnel regarding plaintiff.

6.     A preliminary injunction, addressed to defendant Salas, compelling him to disclose the contents of any such communications.

7.     A permanent injunction, addressed to defendant Salas, compelling him to disclose the contents of any such communications.

8.     A preliminary injunction addressed to defendants Camacho and Salas compelling them to insure a fair and impartial parole board panel be constituted for a hearing of plaintiff's case as to whether he is entitled to parole.

9.     A permanent injunction, addressed to defendants Camacho and Salas compelling them to insure a fair and impartial parole board panel be constituted for a hearing of plaintiff's case as to whether he is entitled to parole.

Exhibit C, p.13

C. For all other and further relief in law and equity **to** which plaintiff may be entitled.

Dated: _____5-3-07_____

_Michael Cepeda_
Michael R. Cepeda, Plaintiff pro se

Exhibit C, p.14

FILED
SUPERIOR COURT
OF GUAM

2007 OCT -9  PM 2: 21

CLERK OF COURT

BY: _____

Michael R. Cepeda
Department of Corrections
Post 16, ACF, Mangilao, Guam
P.O. Box 3236
Hagåtña, Guam 96932
734-3981

Plaintiff pro se

# SUPERIOR COURT OF GUAM

Michael R. Cepeda,

                       Plaintiff,

    vs.

Robert D. Camacho, Director, Department
of Corrections, Government of Guam, et al,

                     Defendants.

CIVIL CASE NO. CV **CV 0567-07**

**EX PARTE APPLICATION FOR AN ORDER TO SHOW CAUSE**

    COMES NOW PLAINTIFF, Michael R. Cepeda, and hereby moves the court, ex parte, for an order to show cause why a temporary restraining order should not issue compelling defendant Salas to show cause, as to why the status quo ante should not be restored by declaring the 29 March Decision in Case No. CF370-00 void. This motion is based on the files on record and is supported by the points & authorities, below, and plaintiff's declaration, filed herewith.

## Points & Authorities.

    **I. Facts.** Plaintiff is currently incarcerated at the Adult Correctional Facility ("ACF") of the Department of Corrections ("DOC" or the "Department"), located in Mangilao, Guam.

    Defendant Jose Salas, a.k.a., J.Q. Salas ("Salas") is the appointed chairperson of the Guam Parol Board at DOC, which board is part of the institutional parole system at DOC.

    As clearly evidenced by the Exhibits entitled, respectively, Exhibit 1 & Exhibit 2 attached to Exhibit A of plaintiff's complaint (which exhibits are incorporated here by this reference), it is undisputed that plaintiff's parole eligibility date was 12 March 2007.

    By law[1], plaintiff was entitled to a parole hearing on or before 11 January 2007.

---

[1] The express language of 9 GCA § 80.72(b) mandates: "The [Parole] Board ***shall*** consider the desirability of parole of each inmate ***at least sixty ... days prior to his first eligibility***." (Emphasis added.)

There is, at DOC, an institutional parole system, containing the Parole Board, and adjacent apparatus and staff, which function is to handle all matters related to the release of inmates on parole in accordance with applicable law.

By law[2], plaintiff was required to prepare a parole plan, setting forth the type of life he intends to lead if released on parole, including such specific information as, where and with whom he will reside; and what occupation or employment he will follow.

The institutional parole staff is required to assist a prisoner in plaintiff's position, in the preparation of his plan and in securing information for submission to the board.

However, the institutional parole system, through defendant Ronald S.N. Santos, failed to execute its legal obligation to plaintiff, and the latter was not able to prepare and submit a parole plan prior to being heard by the Parole Board.

Without a parole plan, a prisoner in plaintiff's position has no chance of being granted parole.

On 29 March 2007 plaintiff was heard by the Guam Parole Board and, following the hearing, was denied parole. See Exhibit B attached to plaintiff's complaint (which is hereby incorporated by reference.).

**II. Analysis.** When plaintiff came before the Guam Parole Board he had no chance of being granted parole, due to his failure to provide the Board with a parole plan. Plaintiff was set up for failure by the institutional parole staff (for reason that will eventually be litigated in this matter, but which are not relevant to this application).

Plaintiff submits that he is entitled to assistance by the institutional parole staff in the preparation of his parole plan, as part of his procedural due process right to a meaningful hearing. Conversely, without having prepared and submitted a parole plan, the hearing is meaningless and

---

[2] 9 GCA § 80.74, entitled, "Preparing Prisoner for Parole Hearing," provides in part:

(a) Each prisoner *in advance of his parole hearing shall be requested to prepare a parole plan*, setting forth the manner of life he intends to lead if released on parole, including such specific information as to where and with whom he will reside and what occupation or employment he will follow. *The institutional parole staff shall render reasonable aid to the prisoner in the preparation of his plan and in securing information for submission to the board.* (Emphasis added.)

Page 2 of 3

1  serves no purpose, whatsoever.

2          In light of the fact that the outcome was certain denial a priori, what plaintiff was provided

3  was the appearance but not the essence of procedural due process. A dead horse carries his rider not.

4  Not even an inch.

5          Defendant Salas was fully aware of the fact that plaintiff did not submit a parole plan but

6  nevertheless pretended to provide plaintiff a fair hearing. This court should not allow defendant to

7  engage in such charades. Accordingly, the Decision of the Parole Board of 29 March 2007 should

8  be declared void.

9          Dated: May 3, 2007.

10                                             Respectfully Submitted,

11

12

13                                             Michael R. Cepeda, Plaintiff pro se

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit C, p.17

Michael R. Cepeda
Department of Corrections
Post 16, ACF, Mangilao, Guam
P.O. Box 3236
Hagåtña, Guam 96932
734-3981

RECEIVED

MAY 0 9 2007

Plaintiff pro se SUPERIOR COURT
OF GUAM
CLERKS OFFICE

# SUPERIOR  COURT  OF  GUAM

Michael R. Cepeda,

                    Plaintiff,

        vs.

Robert D. Camacho, Director, Department
of Corrections, Government of Guam, et al,

                    Defendants.
_____/

CIVIL CASE NO. CV **CV 0567-07**

**NOTICE OF MOTION; MOTION &
DECLARATION TO PROCEED IN
FORMA PAUPERIS**

        Please take notice that Michael R. Cepeda, Plaintiff pro se, shall move the court, on

_____, at _____ or as soon thereafter as the

matter ma be heard, to be found to be in forma pauperis and, therefore, waive all fees and costs.

        Plaintiff, pursuant to Rule 7(b) of the Rules of Civil Procedure for the Superior Court of

Guam, hereby moves this Court for an order permitting him to proceed in forma pauperis on his

Complaint, without prepayment of costs and fees in said proceeding.

        Because of Plaintiff's poverty and lack of funds or securities he is unable to pay the costs and

fees of this proceedings; therefore, plaintiff believes he is entitled to proceed in forma pauperis.

        A declaration in support of motion to proceed in forma pauperis is hereby provided for the

purpose of the Order requested.

        Date: _____.

                            By: _____
                                Michael R. Cepeda, Pro Se Plaintiff

Exhibit C, p.18.

# DECLARATION IN SUPPORT OF MOTION TO PROCEED IN FORMA PAUPERIS

I, Michael R. Cepeda, declare

I am the Plaintiff in the above entitled matter, and if called to testify as a witness, under oath, I shall truthfully state as follows:

That because of my poverty I am unable to pay the costs of said proceeding or to give security, therefore, I believe I am entitled to relief.

1.   Are you presently employed?       Yes__ No _x_

   a.   If the answer is "yes," state the amount of your salary or wages per month, and give the name and address of your employer.

   _____

   b.   If the answer is "no," state the date of last employment and the amount of the salary or wages per month which you received. _____ N/A _____

   _____

Have you received within the past twelve months any money from any of the following sources?

   b.   Business, profession or from self employment?       Yes ___ No _x_

   c.   Rent payments, interests or dividends?       Yes ___ No _x_

   d.   Pensions, annuities or life insurance payments?       Yes ___ No _x_

   e.   Gifts or inheritances?       Yes ___ No _x_

   f.   Any other sources?       Yes __ No _x_

   If the answer is "yes" to any of these describe each source of money and state the amount received from each during the past twelve months. _____

   _____

Do you own cash, or do you have money in checking or savings accounts? (Include funds in prison accounts)       Yes __ No _x_

   If the answer is "yes," state the total value of the items owned. _____

   _____

   _____

Page 2 of 3

Case 1:07-cv-00033     Document 1-4     Filed 11/28/2007     Page 20 of 27

4.      Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property? (excluding ordinary household furnishings and clothing) Yes__ No_x_

                If the answer is "yes," describe the property and state

it's approximate value. _____

5. Persons who are dependent upon you for support, state you relationship to those persons, and indicate   how   much   you   contribute   toward   their   support. ___N/A_____

_____

        I, Michael R. Cepeda, hereby declare under penalty of perjury, that the foregoing is true and correct.

        Dated: ___5 - 3 - 07_____

                                        Respectfully Submitted,


                                        _Michael Cepeda_____
                                        Michael R. Cepeda, Plaintiff pro se

Michael R. Cepeda
Department of Corrections
Post 16, ACF, Mangilao, Guam
P.O. Box 3236
Hagåtña, Guam 96932
734-3981

Plaintiff pro se

RECEIVED

MAY 0 9 2007

SUPERIOR COURT
OF GUAM
CLERKS OFFICE

# SUPERIOR COURT OF GUAM

Michael R. Cepeda,

                                      Plaintiff,

       vs.

Robert D. Camacho, Director, Department
of Corrections, Government of Guam, et al,

                                  Defendants.

CIVIL CASE NO. CV**CV 0567-07**

**NOTICE OF MOTION; and MOTION
FOR APPOINTMENT OF COUNSEL**

Please take notice that Pro Se Plaintiff, Michael R. Cepeda, shall move the court, on

_____, at _____ or as soon thereafter as the

matter may be heard, to appoint him counsel to represent him on his Civil Complaint, filed herewith.

The Plaintiff, Michael R. Cepeda, appearing pro se, requests this court, through its general

powers of equity, and its plenary power to administer its docket, to appoint counsel to represent him

for the following reasons:

1.      Plaintiff is not able to afford counsel. See the motion to proceed in forma pauperis and

declaration in support filed with this Court.

2.      The issues involved in this case are both meritorious and complex.

3.      The issues involved in this case will require investigation of facts not in plaintiff's possession

at the moment, and legal research which plaintiff cannot do while confined in the Department of

Corrections (DOC). Indeed, plaintiff does not have the ability to do either legal research or drafting

of any legal documents, on his own and completely depends on the kindness of others.

4.      Plaintiff knowledge of the law is less than rudimentary. Similarly, plaintiff's ability to write

is minimal.

Exhibit C, p.21

5.      Appointed counsel would be able to explain the applicable legal principles to plaintiff and limit litigation to potentially meritorious issues.

6.      Appointed counsel would provide plaintiff with representation equally qualified with the professional counsel provided defendant by Government, automatically and at no cost to them.

7.      The ends of justice would best be served in this case if an attorney was appointed to represent plaintiff.

Dated: ___5-3-07___          Respectfully Submitted,


_Michael Cepeda_
Michael R. Cepeda, Plaintiff pro se

Exhibit C, p.22

RECEIVED

MAY 0 9 2007

SUPERIOR COURT
OF GUAM
CLERKS OFFICE

1  Michael R. Cepeda
   Department of Correction
2  Post 16, ACF, Mangilao, Guam
   P.O. Box 3236
3  Hagåtña, Guam 96932
   734-3981
4
   Plaintiff pro se
5
6                    SUPERIOR  COURT  OF  GUAM

7  Michael R. Cepeda,
                                           CV 0567-07
8                    Plaintiff,     CIVIL CASE NO. CV_____

9      vs.

10 Robert D. Camacho, Director, Department      NOTICE OF MOTION & MOTION
   of Corrections, Government of Guam, et al,   FOR SERVICE BY COURT MARSHAL
11
12                   Defendants.
                                      /
13        Please take notice that Pro Se Plaintiff, Michael R. Cepeda, shall move the court, on

14 _____, at _____ or as soon thereafter as the matter ma be heard,

15 to have his civil complaint and summons, filed herewith, to be served on each defendant by a court

16 marshal.

17        Plaintiff, who has moved this Court for an order permitting him to proceed in forma pauperis

18 on his Complaint, without prepayment of costs and fees in said proceeding, is hereby moving the

19 court for service of his petition and other pleadings filed by him the above-entitled matter, to be

20 served by a court marshal on defendants.

21        Because of plaintiff's poverty and lack of funds or securities, he is unable to pay the costs and

22 fees of these proceedings; therefore, plaintiff believes he is entitled to an order granting the within

23 motion.

24        Dated:  5-3-07 _____

25

26                                        Respectfully Submitted,

27

28                                        _Michael Cepeda_____
                                          Michael R. Cepeda, Plaintiff pro se

Exhibit C, p.23

1 | Michael R. Cepeda
Department of Corrections
2 | Post 16, ACF, Mangilao, Guam
P.O. Box 3236
3 | Hagåtña, Guam 96932
734-3981
4

Plaintiff pro se
5

# SUPERIOR COURT OF GUAM
6

7 | Michael R. Cepeda,

8 |                Plaintiff,         CIVIL CASE NO. CV 0567-07

9 |     vs.

10 | Robert D. Camacho, Director, Department
of Corrections, Government of Guam; Ronald         **SUMMONS**
11 | S.N. Santos, Parole Services Division Officer,
Department of Corrections; Jose Salas, a.k.a.,
12 | J.Q. Salas, Chairman, Guam Parole Board,
Department of Corrections; John & Jane Doe
13 | I-XX,

14 |                Defendants.

15

16 |     **TO:** Robert D. Camacho, Director, Department of Corrections, Government of Guam,

17 | Defendant: You are hereby summoned and directed to file with this Court and to serve upon

18 |                Michael R. Cepeda,
Post 16, ACF
19 |                Department of Corrections
Mangilao, Guam

20 | a written answer to the Complaint which is herewith served upon you, within twenty (60) days

21 | (exclusive of the day of service). If you fail to do so, judgement by default will be taken against you

22 | for the relief demanded in the Complaint.

23 |     Dated:   **MAY 09 2007**

24 |                        Richard B. Martinez
Clerk of the Court
25 |                        Superior Court of Guam

26

27 |                     By:   *Benny O. Cruz*
28 |                            Deputy Clerk

Exhibit C, p.24

Michael R. Cepeda
Department of Corrections
Post 16, ACF, Mangilao, Guam
P.O. Box 3236
Hagåtña, Guam 96932
734-3981

Plaintiff pro se

# SUPERIOR COURT OF GUAM

Michael R. Cepeda,

                    Plaintiff,       CIVIL CASE NO. CV **CV 0567-07**

    vs.

Robert D. Camacho, Director, Department
of Corrections, Government of Guam; Ronald        **SUMMONS**
S.N. Santos, Parole Services Division Officer,
Department of Corrections; Jose Salas, a.k.a.,
J.Q. Salas, Chairman, Guam Parole Board,
Department of Corrections; John & Jane Doe
I-XX,

                   Defendants.
_____/

**TO:** Ronald S.N. Santos, Parole Officer, Department of Corrections, Government of Guam,

Defendant: You are hereby summoned and directed to file with this Court and to serve upon

               Michael R. Cepeda,
               Post 16, ACF
               Department of Corrections
               Mangilao, Guam

a written answer to the Complaint which is herewith served upon you, within twenty (60) days

(exclusive of the day of service). If you fail to do so, judgement by default will be taken against you

for the relief demanded in the Complaint.

    Dated: _____**MAY 0 9 2007**_____

                       Richard B. Martinez
                       Clerk of the Court
                       Superior Court of Guam

                       *Benny O. Cruz*
               By: _____
                       Deputy Clerk

Exhibit C, p.25

file's
copy

1  Michael R. Cepeda
   Department of Corrections
2  Post 16, ACF, Mangilao, Guam
   P.O. Box 3236
3  Hagåtña, Guam 96932
   734-3981
4
   Plaintiff pro se
5

# SUPERIOR  COURT  OF  GUAM

6

7  Michael R. Cepeda,

8                        Plaintiff,        CIVIL CASE NO. CV **CV 0567-07**

9        vs.

10 Robert D. Camacho, Director, Department
   of Corrections, Government of Guam; Ronald        **SUMMONS**
11 S.N. Santos, Parole Services Division Officer,
   Department of Corrections; Jose Salas, a.k.a.,
12 J.Q. Salas, Chairman, Guam Parole Board,
   Department of Corrections; John & Jane Doe
13 I-XX,

14                        Defendants.
                                                    /
15

16 **TO:** Jose Salas, a.k.a., J.Q. Salas, Chairman, Guam Parole Board, Department of Corrections,

17 Government of Guam,  Defendant:  You are hereby summoned and directed to file with this Court

   and to serve upon
18
                           Michael R. Cepeda,
19                         Post 16, ACF
                           Department of Corrections
20                         Mangilao, Guam

21 a written answer to the Complaint which is herewith served upon you, within twenty (60) days

22 (exclusive of the day of service). If you fail to do so, judgement by default will be taken against you

23 for the relief demanded in the Complaint.

24       Dated: _____ **MAY 0 9 2007** _____

25                                           Richard B. Martinez
                                            Clerk of the Court
26                                          Superior Court of Guam

27

28                                          By: _**Benny O. Cruz**_
                                                Deputy Clerk

Exhibit C, p.26