

Office of the Attorney General
Alicia G. Limtiaco
Attorney General of Guam
Civil Division
287 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com

Attorneys for the Government of Guam

FILED
DISTRICT COURT OF GUAM
JAN 2 8 2008
JEANNE G. QUINATA
Clerk of Court

# IN THE DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| MICHAEL R. CEPEDA, | CIVIL CASE NO. CIV07-00033 |
| Plaintiff, | |
| vs. | |
| JOSE B. PALACIOS, Acting Director, Department of Corrections, Government of Guam; RONALD S.N. SANTOS, Parole Officer, Parole Services Division, Department of Corrections; MICHAEL QUINATA, Chief, Parole Services Division, Department of Corrections; JOSE SALAS a.k.a. J.Q. SALAS, Chairman, Guam Parole Board, Department of Corrections, JOHN OR JANE DOE I-XX, | MOTION TO DISMISS |
| Defendants. | |

## MOTION

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the defendants, all of them, based upon the following memorandum, move the court to dismiss this action on the grounds that this court lacks subject matter jurisdiction over it.

Motion to dismiss
District Court of Guam Case No. CIV07-00033
Case 1:07-cv-00033   Document 14   Filed 01/28/2008   Page 1 of 6

# MEMORANDUM OF POINTS AND AUTHORITIES

**1. The Federal District Court lacks subject matter jurisdiction to hear this case.**

No federal statute confers subject matter jurisdiction on this court over the issues raised in plaintiff Cepeda's complaint. The issues raised in his complaint are of local concern and should be heard, if anywhere, in the local court of general jurisdiction, the Guam Superior Court.

It is presumed that a cause of action lies outside the limited jurisdiction of federal courts. The burden of establishing the contrary rests upon the party asserting it. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 114 S.Ct. 1673 (1994).

What plaintiff Cepeda alleges as his cause of action is a due process failure of the named defendants, all local parole authorities, to follow the local parole statute. He cites no federal statute that is specifically directed to this kind of claim. His bare jurisdictional reference to the Organic Act of Guam does not suffice to raise federal court jurisdiction. Republican Party of Guam; I Mina' Bente Singko Na Liheslaturan Guahan v. Carl T.C. Gutierrez, as Governor of Guam, and the Government of Guam, 277 F.3d 1086 (9th Cir. 2002).

In Republican Party v. Gutierrez, it was held federal jurisdiction did not exist in an action seeking declaratory and injunctive relief that the governor violated a local election reform statute. In the present case, plaintiff Cepeda likewise seeks declaratory and injunctive relief.

The only form of subject matter jurisdiction alleged to exist in Republican Party of Guam v. Gutierrez was federal question jurisdiction under 28 U.S.C. 1331, which provides

Motion to dismiss
District Court of Guam Case No. CIV07-00033
Case 1:07-cv-00033 Document 14 Filed 01/28/2008 Page 2 of 6

that the district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. The law of the United States under which the plaintiffs' complaint in <u>Republican Party of Guam v. Gutierrez</u> allegedly arose was the Organic Act of Guam. The plaintiffs alleged that a controversy existed under the Organic Act because the Legislature and the Governor disputed the scope of their respective powers under it.

The plaintiffs in <u>Republican Party of Guam v. Gutierrez</u> alleged that the governor had failed to faithfully execute the laws of Guam, as required under the Organic Act. But the Ninth Circuit held that the governor's duty to enforce the laws of Guam does not create an independent federal cause of action in favor of a plaintiff who alleges that a Guam law is not being enforced.

Likewise in this case, plaintiff Cepeda alleges that government actors have failed to follow and enforce a Guam law, in this case a parole statute. Plaintiff Cepeda's only jurisdictional allegation is that this court has jurisdiction over this matter under 48 U.S.C. §1424(b), that provision of the Organic Act providing for the appointment the Chief Judge of the District Court of Guam. A rejection of plaintiff Cepeda's jurisdictional allegation, a mere subsection of the Organic Act, is implicit in the rationale of the Ninth Circuit's holding denying jurisdiction based upon the entirety of the Organic Act in <u>Republican Party of Guam v. Gutierrez</u>. Plaintiff Cepeda's claims are not sufficient to confer subject matter jurisdiction upon this court. This suit must therefore be dismissed for lack of federal court subject matter jurisdiction.

**2. Even if this court has jurisdiction over this case, it should be dismissed for mootness.**

Finally, even if a court has jurisdiction, it may dismiss a case where it is moot. <u>Mills v. Green</u>, 159 U.S. 651, 16 S.Ct. 132. Even if this court were to have jurisdiction in this case, the issue of the adequacy of plaintiff Cepeda's March 29, 2007 parole hearing should be considered moot, since Cepeda was thereafter afforded another parole hearing, in October of 2007, and he has raised no complaints about that one. A re-scheduled, complaint-free parole hearing would probably be the remedy plaintiff Cepeda would be entitled to even if this court were to accept jurisdiction and rule in plaintiff Cepeda's favor in this case. Attached hereto is a true and correct copy of an Order Denying Parole to plaintiff Cepeda after an October 25, 2007 parole hearing.

Dated this 24 day of January, 2008.

**ATTORNEY GENERAL OFFICE**
ALICIA G. LIMTIACO
Attorney General of Guam

By: /s/ William C. Bischoff

William C. Bischoff
Assistant Attorney General

**DECLARATION OF COUNSEL**

Attached hereto is a true and correct copy of the Guam Parole Board's October 25, 2007 Order Denying Parole to inmate Michael R. Cepeda.

/s/ William C. Bischoff
William C. Bischoff

Motion to dismiss
District Court of Guam Case No. CIV07-00033
Case 1:07-cv-00033   Document 14   Filed 01/28/2008   Page 4 of 6



# Guam Parole Board
Government of Guam
Hagatna, Guam

|  |  |
|---|---|
| IN THE MATTER OF PAROLE DESIRABILITY OF:<br><br>**MICHAEL R. CEPEDA**<br><br>Corrections Inmate | ORDER OF THE BOARD DENYING PAROLE<br><br>Case No.:<br>CF0370-00 |

**WHEREAS**, the Guam Parole Board convened on **October 25, 2007** to review the desirability of parole for the above-named inmate. Present for the Board were Chairperson Jose Q. Salas, members Soledad Chargualaf and Kenneth Boardman. Proceedings of the hearing were recorded on tape by the Board Secretary, *and*

**WHEREAS**, during the hearing, the Board reviewed the Investigation Report prepared and submitted by the Parole Services Division of the Department of Corrections. There were also other documents and testimonies made available to the Board which are filed in the Board's official records, *and*

**WHEREAS**, having been informed prior to the hearing date for this presentation, the above name inmate and family members appeared before the Board in support of inmate's parole request, *and*

**WHEREAS**, the Board having deliberated based on the Investigation Report and the presentations made, **DENIES** the above-named inmate's parole request based on the following:

### IN ACCORDANCE WITH 9GCA §80.76(a)

[X]  (1)  Release is not compatible with public safety and security;

[X]  (2)  There is substantial likelihood that he will not abide by law and conform to the conditions of parole;

[X]  (3)  Release at this time would depreciate the seriousness of his crime and promote disrespect for law;

[ ]  (4)  Release would have a substantial adverse effect on institutional discipline;

[X]  (5)  Continued correctional treatment, medical care or vocational or other training in The institution will substantially enhance his capacity to lead a law-abiding life when release at a later date.

### IN ACCORDANCE WITH 9GCA §80.76(b)

[ ]  (1)  The prisoner's personality, including his age and maturity, stability, sense of responsibility and any apparent development in his personality hinders his conformity to law;

Guam Parole Board
*Order of the Board Denying Parole*
Ref: **CEPEDA, Michael R.**
Page 2

|  |  |  |
|---|---|---|
| [ ] | (2) | The prisoner's parole plan is not acceptable with his release; |
| [ ] | (3) | The prisoner is not able to assume obligations and undertake responsibilities; |
| [ ] | (4) | The prisoner's family status and relatives who display interest in him and other close and constructive associations in the community is not compatible with his release; |
| [ ] | (5) | The prisoner's employment history, his occupational skills and training, and the Stability of his past employment is not acceptable with his release; |
| [ ] | (6) | The type of home environment in which prisoner plans to live is not acceptable with his release; |
| [ ] | (7) | The prisoner's past use of narcotics or other harmful drugs or past habitual and excessive use of alcohol is not acceptable with his release; |
| [ ] | (8) | The prisoner's mental and physical make-up, including any disability or handicap, which may affect his conformity to law, is not compatible with his release; |
| [X] | (9) | The prisoner's prior criminal record, including the nature and circumstances, Recentness and frequency of previous offense is not compatible with his release; |
| [X] | (10) | The prisoner's attitude toward law and authority is not compatible with his release; |
| [X] | (11) | The prisoner's conduct in the institution, including whether he has taken advantage of the opportunities for self-improvement afforded by the institutional program is not compatible with his release; |
| [ ] | (12) | The prisoner's conduct and attitude during any previous experience of probation or parole and the recentness of such experience is not compatible with his release. |

***NOW THEREFORE,*** based on the presentations made and by a majority vote, the Board ***DENIES*** request for parole, and that inmate may reapply for parole in one (1) year *(no later than October 24, 2008)*. In addition, inmate shall attend and complete the GED, Drug and Alcohol and Relapse Prevention programs.

***SO ORDERED*** this 25th day of October 2007.

FOR THE GUAM PAROLE BOARD

JOSE "JQ" SALAS
Chairperson

**ATTESTED:**

SEAL

DISTRIBUTION: Original PSD / AGF / DTSP / GPB / Inmate